## CENTRAL OF GEORGIA RAILWAY CO. v. LAKE.

1. Where in an action against a railroad company the petition of the plaintiff claims damages for pain and suffering occasioned by a personal injury that had resulted from the negligence of the defendant, it is not error for the court to allow an amendment, at the trial of the case, to the effect that plaintiff still suffers pain from the injury; especially when it appears that the court allowed the amendment and proof thereunder for the purpose of illustrating the extent of the pain and suffering, and not for the purpose of showing any permanent injury.

2. There was no error requiring a reversal of the judgment in any of the charges complained of, when construed in the light of the entire charge of the court to the jury. The issues of fact were fully and fairly submitted to the jury under the charge of the court, and there was ample evidence to sustain the verdict.

Argued November 2,— Decided November 27, 1900.

Action for damages. Before Judge Clark. City court of Forsyth. January term, 1900.

*James S. Boynton* and *Robert L. Berner*, for plaintiff in error.
*Persons & Persons,* contra.

LEWIS, J. Lake brought an action for damages against the Central of Georgia Railway Company, in the city court of Forsyth, alleging in substance as follows: On August 26, 1899, he was employed by the Trio Manufacturing Company, of Forsyth, to assist in unloading a car containing iron or steel shafting. In pursuance of the terms of his employment, he entered the car which had been placed by the servants of the defendant on its side-track near the building of the Trio Manufacturing Company, and in company with other hands began to move the iron and steel shafting from the car. While engaged in this work inside of the car, lift-

ing a piece of shafting which others on the outside of the car had taken hold of, and while in this position, without any fault or negligence upon his part, and without having any notice whatever of an approaching train, a switch-train was backed by the servants of the defendant against the car in which plaintiff was laboring, with such force as to knock the piece of shafting out of the hands of the men who were holding it on the outside, and knock the same also from the hands of petitioner, throwing it with great force on his foot, causing the end of the shafting to inflict a very severe and painful wound. This occurrence was without the fault of petitioner, and while he was lawfully upon the property of the defendant, the injury being caused not by his consent, or in any way by his negligence, but being the direct result of the careless running of the locomotive and cars by the agents of the defendant, and their failure to exercise ordinary and reasonable care and diligence. On account of this injury he lost work for ten days worth seventy-five cents per day, claiming special damages of $7.50; and he further alleged that the injury inflicted was exceedingly painful, caused much physical suffering, and he was thereby damaged in the additional sum of $500. Defendant filed an answer denying its liability and the allegations charging it with negligence. After hearing the evidence the jury returned a verdict for the plaintiff for $250. The defendant made a motion for a new trial, and excepts to the judgment of the court overruling the same.

1. In the course of the introduction of evidence by the plaintiff, it was sought by his counsel to prove by him that he still suffered pain from the injury he had received. This was objected to by defendant's counsel, and the objection was sustained by the court; whereupon the plaintiff offered an amendment to his petition, alleging that he suffered pain at the time of the trial; to which amendment defendant objected, but the same was allowed by the court. One ground in the motion for a new trial is that the court erred in allowing plaintiff to make this amendment, and in admitting testimony to establish its allegations. Counsel for plaintiff in error contends in his argument that this was error, for the reason that the original petition declared only for past injury, and for damages for pain and suffering that had occurred between the time of the accident and the time of filing the suit; and that the amendment added a new cause of action, in that it set up pain and suffering existing

at. the time of the trial, and hence converted the action into a suit for a permanent instead of a temporary injury. The purpose for which the court admitted the evidence and allowed the amendment is a complete reply to the contention of counsel for plaintiff in error that a new cause of action was being added by the amendment in the shape of a claim for damages for a permanent injury; for the court instructed the jury that the evidence was admitted only to throw light upon the extent or degree of the pain suffered by plaintiff, and expressly charged that they could not, even should they find the defendant liable, award any amount of damages resulting from permanent injuries. We think there was no error in allowing the amendment and admitting the testimony for the purpose stated by the court. The original declaration alleges in general terms that the plaintiff was injured by the iron or steel shafting being forced from his hands, causing the end of it to inflict a very severe and painful wound upon his foot. The declaration, it is true, did not allege in terms that this injury was either temporary or permanent, but asked for damages to the amount of $500 for injuries he had already sustained. To illustrate the extent of pain and suffering he had endured, we think it was certainly admissible for him to relate the effects the wound still had upon him. Besides; the amount of recovery in this case, only $250, clearly shows that the jury could not have found or considered any damages which the plaintiff might have suffered from permanent injury. We think the jury respected the ruling of the court on this subject, and considered the evidence only in the light of the temporary injury received.

2. There are some grounds in the motion for a new trial, complaining of certain charges of the court. These charges set forth, construed with the context appearing in the general charge, clearly show that they could not have misled the jury in arriving, from instructions given by the court, at the correct principles of law governing the issues on trial. It was earnestly contended by counsel for plaintiff in error that the verdict was contrary to evidence, and to certain charges of the court. There seems to be no material conflict in the testimony about the extent of the plaintiff's injury. After a careful review of the testimony, we think it was ample to sustain the very moderate verdict found by the jury in favor of the plaintiff.    *Judgment affirmed.    All the Justices concurring.*