note, it is payable immediately. The first count, then, shows a cause of action, and the plaintiff is entitled to judgment.

NEW-YORK,<br>October, 1811.<br>FITZHUGH<br>v.<br>RUNYON.

Judgment for the plaintiff.

——◦❈◦——

## FITZHUGH *against* RUNYON.

IN error, from the court of common pleas of *Tioga* county.

*Parol* proof to show a mistake in a *note* or written agreement, is inadmissible.

The declaration in the court below contained two counts. The first count was on a note or agreement in writing, dated the 6th *March*, 1809, by which the defendant, in consideration of a horse, promised to pay the plaintiff 50 dollars, in good merchantable pork, at the price of 15 dollars per barrel, or in neat cattle at the appraisal of men, on the 1st day of *January*, 1810, to be delivered at the then dwelling-house of the said *Fitzhugh*, at, &c. There was also a count for money had and received. The defendant pleaded *non assumpsit*.

At the trial, the defendant offered to prove that there was a mistake in the note, the time of payment being in *January*, 1811, instead of *January*, 1810. This evidence was objected to, but the objection was overruled; and the person who wrote the note at the request of the parties, proved that the agreement was, that it was to be made payable in *January*, 1811, and the jury, under the direction of the court, found a verdict for the defendant, on which judgment was rendered. A bill of exceptions was tendered, on which a writ of error was brought; and the cause was submitted to the court, without argument.

*Per Curiam.* The parol proof to show that there was a mistake in the written contract, was inadmissible. It

is a well settled rule, that such proof is never admissible, in a court of law, to contradict a writing. The judgment below, must be reversed.

*Judgment reversed.*

## SKELTON *against* BREWSTER.

Where A. in consideration that B. would deliver him all his household goods, and that C. would discharge B. from execution, promised to pay C. the amount of the execution, this was held to be an original undertaking and not within the statute of frauds.

IN error, on *certiorari*, from a justice's court. *Brewster* sued *Skelton* before the justice; and declared on a promise, made by *Skelton*, to pay the amount due on a certain execution against one *W. S.* being the sum of 25 dollars. The defendant pleaded *non assumpsit.* On the trial, the plaintiff proved, that *Brewster* recovered judgment, and took out an execution for 25 dollars, against *W. S.* and that the defendant, the said *W. S.* delivered all his household goods to the present defendant, who received them, and thereupon, and in consideration that the plaintiff would discharge the said *W. S.* from the execution, promised to pay the plaintiff 25 dollars.

*Campbell,* for the plaintiff in error, contended, that the promise being a parol and collateral undertaking, was void by the statute of frauds. He cited 4 *Johns. Rep.* 422. 7 *Johns. Rep.* 463., *Rob. on Frauds,* 225. *Burr. Rep.* 1886.

*Ford,* contra, said, that this case came within the third class of cases stated in the case of *Leonard* v. *Vredenburgh;*[*] and the promise was to be considered as an original, not a collateral undertaking.

* *Ante,* 29.

*Per Curiam.* This is not a case within the statute of frauds. The promise of the defendant below, to pay the judgment against a third person, was founded on a new