JOHN J. VAN ALLEN *v*. JOHN N. ALLEN and others.

V. sold a horse to A. for $130—$70 in cash, and $60 in A.'s due bill. He represented the horse to be sound and kind, and agreed that A. might try him, and if the horse did not prove satisfactory he would take him back and return the money and the due bill. A., after trying the horse, and having full knowledge of the fact that he had a crack in his hoof, told V. that the horse suited him, and he never returned or offered to return him. In an action on the due bill, A. set up, as a defence, a breach of warranty. *Held*—

I. That there was no warranty. If A. was not satisfied with the horse, he should have returned him.

II. The evidence showing that the horse was worth $130, and no proof given as to his value without the defect, therefore, even assuming that there was a warranty, the defendant had shown no damage, and the plaintiff was entitled to judgment.

Parol evidence is inadmissible to show that a due bill, purporting to be payable immediately, was intended to be payable at a different time.

APPEAL by defendants from a judgment of the Sixth District Court. This was an action on a due bill made by the defendants in the following words:

"New York, April 9th, 1857.
"Balance due Mr. John J. Van Allen sixty dollars on one horse.

"$60.        (Signed)        ALLEN BROTHERS."

The nature of the defence and the facts in the case are fully stated in the opinion of the court.

*Diefendorf & Aiken,* for the appellants.

*Thomas J. Kipp,* for the respondent.

HILTON, J.—On April 9th, 1857, plaintiff sold and delivered a horse to the defendants for $130, and represented the animal to be sound and kind. Upon the delivery, $70 was paid in cash, and $60 in the due bill on which this action is brought. The defendants were to try the horse, upon the agreement that, if they did not like him, the plaintiff would take him back and return the money and due bill. The horse was used by the defendants in their ice business. After the first day's use, and with a full knowledge by them of the existence of a crack in his hoof, they informed the plaintiff that the horse suited them.

They never returned, or offered to return, the horse, but upon being sued on the due bill set up as a defence—

1st. That the due bill was not to become payable until a reasonable time after they should become satisfied with the horse.

2d. That the horse was warranted sound and kind, whereas he was baulky, and, by reason of the cracked hoof, was unsound, constituting a breach of the alleged warranty, whereby the defendants sustained damage, &c.

As to the first ground of defence, it is sufficient to say, that the due bill, on its face, purported to be and was due and payable immediately (*Cornell* v. *Moulton,* 3 Den. 12), and parol evidence was inadmissible to show that it was intended to be payable at a different time. *Fitzhugh* v. *Runyon,* 8 John. 375; *Thompson* v. *Ketcham,* ibid. 190.

As to the second, admitting that there was a warranty, the defendants have shown no damage. They purchased the horse for $130, and the evidence is that he is now worth that sum. There

is no testimony whatever showing what would be his value without the crack in his hoof.

But there was·no warranty. The horse was sold upon the agreement that the defendants were to use him, and determine whether they would keep or return him. They did use him, expressed themselves satisfied, never offered to return him, and should now pay the price they agreed to.

Judgment affirmed.