CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY V. GEORGE KELLOGG.

FILED SEPTEMBER 23, 1898. No. 7797.

1. **Negligence:** PLEADING. The essential elements of a petition charging actionable negligence are that the plaintiff, without fault on his part, has sustained an injury as the proximate consequence of a specific negligent act or omission of the defendant.

2. ———: ———: DEFECTIVE APPLIANCES. An averment in a petition that the defendant negligently permitted a certain appliance to become defective, and negligently suffered it to remain in a defective condition, implies that the defendant knew or was culpably ignorant of the defect.

3. **Master and Servant:** DEFECTIVE APPLIANCES: NEGLIGENCE: EVIDENCE. Where a servant sues his master on account of injuries resulting from the use of a defective tool or appliance, the fact that the accident happened cannot be taken as evidence of the master's negligence.

4. ———: ———: ———: ———. To entitle the plaintiff to a verdict in such case, he must affirmatively show that the defendant either knew or was inexcusably ignorant of the defective condition of the implement or appliance causing the injury.

5. ———: ———: ———: BURDEN OF PROOF. In an action to recover for injuries caused by defective appliances, an instruction that it was the "duty of the defendant to exercise reasonable care in

keeping such machinery and appliances in a reasonably safe condition for use" does not place the burden of proof on the defendant.

6. **Trial:** MISCONDUCT OF COUNSEL: OBJECTIONS: REVIEW. A party desiring to take advantage of the misconduct of opposing counsel in the argument of a case should seasonably object to the remarks complained of and then enter an exception if the court rule adversely or refuse to make a ruling.

7. ———: ———: ———: ———. But where the misconduct of counsel is so flagrant, and of such a character that neither a complete retraction nor any admonition or rebuke from the court can entirely destroy its sinister influence, a new trial should be awarded, regardless of the want of an objection and exception.

8. **Personal Injuries:** VERDICT FOR PLAINTIFF FOR $9,000: REMITTITUR. Evidence examined and damages *held* to be excessive.

REHEARING of case reported in 54 Neb. 127. *Remittitur made a condition of affirmance.*

*J. W. Deweese, F. E. Bishop, W. S. Morlan,* and *W. P. Hall,* for plaintiff in error.

*A. J. Shafer, S. A. Dravo,* and *Stewart & Munger, contra.*

SULLIVAN, J.

This cause is now before us on rehearing. The original opinion, which contains a sufficient statement of the facts, will be found in 54 Neb. 127.

Counsel for defendant contended on the first submission, and still insist, that the petition does not charge the company with actionable negligence. This contention is grounded on the fact that there is in the petition no averment that the defendant knew, or ought to have known, of the defective appliance which was responsible for the accident. That knowledge, or inexcusable ignorance, on the part of the defendant, is an essential element in the plaintiff's right of action cannot be doubted. If there was neither actual nor constructive notice, the defendant was blameless, and the plaintiff has no claim on it for indemnity. But it must be remembered that in pleading negligence it is not necessary to set out the

evidential facts. An allegation that an injury has re-
sulted from a specific negligent act or omission of duty
on the part of the defendant, without fault on the part
of the plaintiff, is a sufficient statement of facts to sup-
port a judgment. (*Omaha & R. V. R. Co. v. Wright*, 49 Neb.
456; *O'Connor v. Illinois C. R. Co.*, 83 Ia. 105; *Louisville,
E. & S. L. C. R. Co. v. Utz*, 32 N. E. Rep. [Ind.] 881.)

The averment of the petition that the defendant negli-
gently permitted the brake-rod to become defective, and
negligently suffered it to remain in a defective condition,
carries a necessary implication that the company either
knew, or should have known, of the defect. In the case
of *Crane v. Missouri P. R. Co.*, 87 Mo. 588, it is said the
allegations in the petition that the injury was caused
by the negligence of the master in failing to provide safe
appliances, and stating particularly the defect, are
equivalent to a specific allegation that the master knew,
or might have known, of the defect. It is claimed that
the former opinion proceeds on the assumption that
proof of the accident was *prima facie* sufficient to entitle
the plaintiff to a verdict, and that the burden of dis-
proving the alleged negligence was on the defendant.
The law on the subject is clearly and accurately stated
in the case of *Kansas City & P. R. Co. v. Ryan*, 52 Kan. 637,
as follows: "It has been frequently ruled by this court,
in accordance with the authorities generally, that an em-
ployé of a railroad company, by virtue of his employment,
assumes all the ordinary and usual risks and hazards in-
cident to his employment; that, as between a railroad
company and its employés, the railroad company is not
an insurer of the perfection of any of its machinery, ap-
pliances, or instrumentalities for the operation of its rail-
road; that, as between a railroad company and its em-
ployés, the railroad company is required to exercise
reasonable and ordinary care and diligence, and only
such, in furnishing to its employés reasonably safe ma-
chinery and instrumentalities for the operation of its
railroad; that it will be presumed, in the absence of any-

thing to the contrary, that the railroad company performs its duty in such cases, and the burden of proving otherwise will rest upon the party asserting that the railroad company has not performed its duty; that where an employé seeks to recover damages for injuries resulting from insufficiency of any of the machinery or instrumentalities furnished by the railroad company, it will not only devolve upon such employé to prove such insufficiency, but it will also devolve upon him to show, either that the railroad company had notice of the defects, imperfections, or insufficiencies complained of, or that, by the exercise of reasonable and ordinary care and diligence, it might have obtained such notice; that proof of a single defective or imperfect operation of any such machinery or instrumentalities resulting in injury will not of itself be sufficient evidence, nor any evidence, that the company had previous knowledge or notice of any supposed or alleged defect, imperfection, or insufficiency in such machinery or instrumentalities." In the case of *Lincoln Street R. Co. v. Cox*, 48 Neb. 807, it was held that in an action by a servant against his master for an injury occasioned by a defective tool or appliance the jury are not authorized to infer negligence from the mere fact that the accident happened. To the same effect are *Washington & G. R. Co. v. McDade*, 135 U. S. 554; *Chicago, St. L. & P. R. Co. v. Fry*, 131 Ind. 319; *Hull v. Hall*, 78 Me. 114; *St. Louis, I. M. & S. R. Co. v. Gaines*, 46 Ark. 555; *Mixter v. Imperial Coal Co.*, 152 Pa. St. 395; *Johnson v. Chesapeake & O. R. Co.*, 36 W. Va. 73; *Atchison, T. & S. F. R. Co. v. Myers*, 63 Fed. Rep. 798; 1 Bailey, Master & Servant sec. 101.

The instructions of the trial court were in harmony with the principles laid down in the authorities cited, and the original opinion, rightly understood, does not declare a different doctrine. The negligence pleaded, and the negligence upon which plaintiff's right to a verdict was, under the instructions, made to depend, consisted in the failure of the company to keep the brake-rod in a

safe condition for use. The jury were told that it was the "duty of the defendant to exercise reasonable care in keeping such machinery and appliances in a reasonably safe condition for use." The burden of proof was not placed on the defendant. The plaintiff proved the accident, and also introduced affirmative evidence from which the jury might well infer that the defect in question had existed for a considerable length of time. That the company's inspectors did not discover the defect is not conclusive against its existence. The worn edges of the hole in the brake-staff and the flattened condition of the wire were persuasive facts supporting plaintiff's theory. They tended to prove that the defect had existed so long that the failure to discover and properly repair it must have been the result of careless inspection.

Defendant has presented quite an elaborate argument in support of its demand for a reversal of the judgment on account of the misconduct of Mr. Shafer, one of the attorneys for the plaintiff. We have again examined the question and reach the conclusion that it is the duty of a party who complains of the misconduct of his adversary's counsel to make seasonable objection and then secure a ruling of the court upon such objection; and if the ruling is against him, or if the court refuse to rule, he should enter an exception. In 2 Ency. Pl. & Pr. 755 the rule is stated as follows: "In order that a party may avail himself in an appellate court of an objection for misconduct of opposing counsel in the argument of a case, he must not only interpose a seasonable objection, as has just been stated, but he must then press the court to a distinct ruling, and, if dissatisfied therewith, enter an exception; otherwise there is nothing presented for review." In this case there was no formal objection, and consequently no ruling, or contumacious refusal to rule, which we are authorized to review. Had the court, in response to a proper objection, vigorously condemned the remarks of counsel, we think they would have left no prejudicial impression on the minds of the jury. By

prompt action the defendant's counsel might have obtained an effective antidote for the poison in Shafer's speech; but he failed to act, and is, therefore, not in an attitude to have his complaint now considered. We do not, however, wish to be understood as holding that a rebuke from the court, or even a complete retraction by the offending counsel, is in all cases of this kind a sovereign remedy. If the transgression be flagrant—if the offensive remark has stricken deep, and is of such a character that neither rebuke nor retraction can entirely destroy its sinister influence—a new trial should be promptly awarded, regardless of the want of an objection and exception. (*Florence Cotton & Iron Co. v. Field*, 16 So. Rep. [Ala.] 538; *Bullard v. Boston & M. R. Co.*, 64 N. H. 27, 10 Am. St. Rep. 367, 27 Am. & Eng. R. Cases 119; *Cleveland Paper Co. v. Banks*, 15 Neb. 20; *Ashland Live Stock Co. v. May*, 51 Neb. 474, 71 N. W. Rep. 67; *Tucker v. Henniker*, 41 N. H. 317; *Martin v. State*, 63 Miss. 505; *Rudolph v. Landwerlen*, 92 Ind. 34.)

In view of the condition of the record we are not warranted in reversing the judgment on account of misconduct of counsel; but we have concluded, after a thorough consideration of the evidence, that the damages are excessive, and must have been assessed while the jury were yet under the sway of counsel's superheated eloquence. The judgment will be reversed unless plaintiff shall within thirty days file with the clerk of this court a remittitur for the sum of $2,500. If such remittitur be so filed the judgment for $6,500 will stand affirmed.

JUDGMENT ACCORDINGLY.