(29 Misc. Rep. 558.)

### McLEOD v. HUNTER.

(Supreme Court, Trial Term, New York County. November 27, 1899.)

1. NOTE—RESCISSION OF CONTRACT—CONSIDERATION.

　　Plaintiff advanced money to defendant for a joint undertaking which did not meet their expectations. Defendant agreed to "call it off," and returned to plaintiff a part of the money advanced, and gave him a note for the balance. *Held,* to constitute a rescission of the original contract, and to be a sufficient consideration for the note.

2. NOTE—TIME OF PAYMENT—PAROL EVIDENCE.

　　Under Laws 1897, c. 612, § 26, subd. 2, which provides that an instrument is payable on demand where no time for payment is expressed, a note which promises to pay a certain sum, without fixing a time of payment, is due on demand, and oral evidence is inadmissible to show an agreement otherwise.

3. SAME—RECITAL—FOR VALUE RECEIVED.

　　Failure to recite therein that a note was given for value received does not affect its legal import, or weaken the presumption that it was given for value.

Action by Alexander A. McLeod against James C. Hunter on a note. Judgment for plaintiff.

James Armstrong, for plaintiff.
Hastings & Gleason, for defendant.

McADAM, J. The plaintiff advanced to the defendant $3,000, to be used in a joint venture exploring for iron ore on certain lands in

Minnesota supposed to contain rich mineral deposits. The result did not meet expectations, and, the plaintiff complaining to the defendant, the latter said: "This thing is no good; we will have to call it off, and I will give you back your money," to which the plaintiff replied, "All right." The plaintiff then said he wanted some evidence of the debt, whereupon the defendant returned $1,000 of the money, and for the balance of $2,000 gave his promissory note,—the one in suit,—thereby effectually rescinding the mining contract under which the deposit was made. Anson, Cont. (Am. Ed. by Huffent) 333. Such rescission meant the abrogation and annulling of the mining contract, and the restoration of the parties to the position they occupied before such contract was made. The consideration for the rescission was the $1,000 and the note in suit, and the consideration for the note was the rescission of the contract, the one validating the other, leaving the mining venture entirely in the hands of the defendant, to continue future operations as he pleased. If they proved successful, the gains would belong exclusively to the defendant. If they failed, the loss would be his. Under such circumstances the defense of want of consideration is without merit. The note, omitting the date and signature, is in these words: "I promise to pay to the order of A. A. McLeod $2,000, at his office, N. Y. City." Such a note is, by law, payable on demand (Laws 1897, c. 612, § 26, subd. 2), and in this respect it cannot be varied by oral evidence (Sheldon v. Heaton, 88 Hun, 535, 539, 34 N. Y. Supp. 856; Thompson v. Ketchum, 8 Johns. 191; Herrick v. Bennett, Id. 374; Gaylord v. Van Loan, 15 Wend. 308; Cornell v. Moulton, 3 Denio, 12; Van Allen v. Allen, 1 Hilt. 524). The omission of the words "for value received" does not impair the note, affect its legal import, or weaken the presumption that it was given for value. Kinsman v. Birdsall, 2 E. D. Smith, 395; 1 Daniel, Neg. Inst. § 108. There being no substantial defense, judgment must be directed for the plaintiff.