WILLIAM M. JOSEPH *vs.* THOMAS W. JOHNSON, PHILIP R. JOHN-
SON AND EDWARD B. JOHNSON, executors of THOMAS W.
JOHNSON, deceased.

*Executors and Administrators—Assumpsit—Services Rendered
Deceased—Implied Promise; Exceptions to Rule—Near
Relations—Friends—Presumption of Law—Book Ac-
count; What Subject to Evidence—Statute of
Limitations; Exceptions to—Subsisting
Demand; Acknowledgment of—Con-
flict of Testimony.*

1. Where one person at the request of another performs work and
labor without any agreement as to the price to be paid, the law implies
a promise on his part to pay whatever such work and labor are reasonably
worth.

2. Where work and labor are rendered for one and he receives the
benefit of the same, the law implies a promise on his part to pay for such
work and labor what it is reasonably worth, and this is so although he
may not have requested the other party to do the work.

3. These rules are, however, subject to certain exceptions and qualifi-
cations. In many cases where the parties are near relations the law will
not imply a promise or obligation to pay for services which are usually
rendered each other gratuitously by near relations. So, too a promise to
pay is not implied by law where the services are rendered by one friend to
another under such circumstances as warrant the presumption that they
were intended to be rendered gratuitously.

4. Work and labor of the character set forth in the plaintiff's bill of
particulars are proper subjects of a book account under our statute, but
the performance of such work and labor and the value thereof may be
proved by other evidence than a book account.

5. If the debtor, within three years next before the bringing of the
action acknowledges the debt to be a subsisting demand or makes any
recognition of it as an existing debt this will be sufficient to take the case
out of the statute of limitations.

6. The naked acknowledgment of a subsisting demand without an
express promise to pay it is sufficient to take the case out of the statute.

7. It is for the jury to say whether the acknowledgment of a subsist-
ing demand has been proved in the case.

8. Where the evidence is conflicting the jury should reconcile it if

they can, and if they cannot do so they should accept that part of it which they deem worthy of credit and reject that part which they deem unworthy of credit, having due regard to the interest of the witnesses in the result of the suit, their opportunities of knowing that of which they have testified, and all other circumstances which may aid them in reaching a conclusion as to their credibility and the weight which should be given to their testimony.

(April 15, 1908.)

Judges SPRUANCE and BOYCE sitting.

*Whiley*, *Richards* and *Jones* for plaintiffs.

*Robert C. White* and *James A. Marsh* for defendant.

Superior Court, Sussex County, April Term, 1908.

ACTION OF ASSUMPSIT to recover for services rendered the deceased during his lifetime.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This is an action brought by William M. Joseph, the plaintiff, against the executors of Thomas W. Johnson, deceased, to recover for certain services alleged to have been rendered by the plaintiff to the deceased during his life-time, from January 28th, 1901, to March 27th, 1906, a period of 268 weeks and two days at $2.00 per week, making the sum of $536.57.

The services for which suit is brought are specified in the bill of particulars filed by the plaintiff, and his right of recovery is limited to these services only.

Where one person at the request of another performs work and labor without any agreement as to the price to be paid, the law implies a promise to pay whatever such work and labor are reasonably worth. Where work and labor are rendered for one, and he receives the benefit of the same, the law implies a promise on his part to pay for such work and labor what it is reasonably

worth, and this is so although he may not have requested the other party to do the work.    These rules as to implied promises on the part of the person for whom such work and labor may have been done are subject to certain exceptions and qualifications. In many cases where the parties are near relations, the law will not imply a promise or obligation to pay for services which are usually rendered to each other gratuitously by near relations. So too, a promise to pay is not implied by law where the services are rendered by one friend to another under such circumstances as warrant the presumption that they were intended to be rendered gratuitously.    Where services are rendered gratuitously with no intention of charging for the same, the party cannot subsequently recover compensation for such gratuitous service. Work and labor of the character set forth in the plaintiff's bill of particulars are proper subjects of a book account, under our statute, but the performance of such work and labor and the value thereof may be proved by other evidence than a book account.

Our statute of limitations provides that no action of this character shall be brought after the expiration of three years from the accruing of such cause of action, subject however to certain exceptions specified in the statute, to which we need not now refer.    If, however, the debtor, within three years next before the bringing of the action, acknowledges the debt to be a subsisting demand or makes any recognition of it as an existing debt, this will be sufficient to take the case out of the statute of limitations.    The naked acknowledgment of a subsisting demand without an express promise to pay it is sufficient to take the case out of the limitation of the statute.

We leave it to the jury to say whether it is proved in this case that the said Thomas W. Johnson, in his life-time, made an acknowledgment of a subsisting demand against him for that part of the work and labor of the plaintiff which he alleges to have been performed more than three years before the commencement of the action, and if the jury so find, the bar of the statute as to that part of the claim would be removed.    But if no such acknowledgment was made by the said Johnson, there can be no recovery for that part of said claim.

Where, as in this case, the evidence is conflicting, you should reconcile it if you can and if you cannot do so you should accept that part of it which you deem worthy of credit and reject that part of it which you deem unworthy of credit, having due regard to the interest of the witnesses in the result of this suit, their opportunities of knowing that of which they have testified, and all other circumstances which may aid you in reaching a conclusion as to their credibility and the weight which should be given to their testimony.

Your verdict should be in favor of that party in whose favor you may find is the preponderance or greater weight of the testimony. You should determine this case upon the testimony which you have heard in this cause and upon nothing else, and should not suffer your judgment to be influenced or warped in any manner by anything which you may have heard from any other person than the witnesses who have testified in this trial.

If you should find a verdict for the plaintiff, it should be for such sum as you believe his services to the deceased were reasonably worth, not exceeding the amount of his claim with interest thereon. If you believe that the alleged services of the plaintiff to the deceased were not rendered by him or that they were rendered gratuitously, your verdict should be for the defendant.

Verdict for defendant.