MARY ISABEL JONES *vs.* JOHN W. TUCKER and GEORGE JOHNSON, Administrators of BENJAMIN JOHNSON, deceased.

1. CONTRACTS—NATURE—"EXPRESS CONTRACT"—"IMPLIED CONTRACT."

A contract is an agreement between two or more persons for a sufficient consideration to do or not to do a certain thing. It is not necessary that it be in writing, and it may be express or implied. It is express when the terms of the agreement are stated in so many words, and implied where one party receives benefits from the other under such circumstances that the law presumes a promise on the part of the person benefited to pay a reasonable price for the same.

2. WORK AND LABOR—SERVICES IN FAMILY—PRESUMPTIONS.

Where one person takes another into his family and makes such person a member thereof, any services performed by the person so taken will be presumed to have been gratuitous, with no intention to charge for the same; but such presumption may be rebutted by proof of an express or implied promise to pay.

3. LIMITATION OF ACTIONS—ACKNOWLEDGMENT OF DEBT.

The three-year statute of limitations applicable to an action for services does not apply when the person charged has acknowledged the existence of his indebtedness within three years prior to the commencement of the suit.

4. TRIAL—ARGUMENT OF COUNSEL—APPEAL TO SYMPATHY.

In a housekeeper's action for her wages, it was error for her attorney to travel outside the evidence in his argument and state that she was a poor woman and must collect the claim or go to the poorhouse.

5. NEW TRIAL—GROUNDS—ARGUMENT OF COUNSEL.

A statement by counsel for plaintiff in argument that his client was a poor woman and must collect her claim or go to the poorhouse, which the court, on objection, directed the jury to disregard, whereupon counsel withdrew it, was not ground for new trial, in the absence of anything in the verdict to show that the jury were influenced by it; the presumption being that they obeyed the court's instruction to disregard it.

*(April 25, 1912.)*

PENNEWILL, C. J., and BOYCE and RICE, J. J., sitting.
*Alexander M. Daly* and *J. Hall Anderson* for plaintiff.
*Levin Irving Handy* for defendants.
Superior Court, Kent County, April Term, 1912.

ACTION OF ASSUMPSIT (No. 15, July Term, 1911) to recover from the administrators of Benjamin Johnson, deceased, for personal services alleged to have been rendered by the plaintiff to the said decedent during his lifetime. The facts sufficiently appear in the charge.

RICE, J., charging the jury:
Gentlemen of the jury:—This is an action of assumpsit brought by Mary Isabel Jones, the plaintiff, against John W. Tucker and George Johnson, administrators of Benjamin Johnson, deceased, and is founded on contractual relations which the plaintiff alleges existed between her and Benjamin Johnson, the deceased.

(1) A contract is defined to be an agreement between two or more persons, for a good and sufficient consideration to do or not to do a thing certain. It is not necessary that a contract be in in writing, and may be either expressed or implied. An express contract is one where the terms of the agreement are stated in so many words, and an implied contract is where one party receives benefits from another party, under such circumstances, that the law presumes a promise on the part of the party benefited to pay a reasonable price for the same.

The plaintiff in this action claims she performed certain household and farm work for Benjamin Johnson, during his lifetime, for five hundred and fifty-six and one-half weeks from March 4, 1900, to December 27, 1910, for which he expressly promised to pay her two dollars per week, in addition to her board, and allowing certain credits the estate is now indebted to her for such services, in the sum of nine hundred and forty-eight dollars. She also claims that, if there was no such express promise on the part of the deceased, the services before mentioned were performed by her for Benjamin Johnson, during his lifetime, under such circum-

stances that his estate is bound in law to pay her a reasonable price for the same.

It is the contention of the defense that the plaintiff together with her two children were taken into the home of the deceased as members of his family, and the services were performed in return for the home and support given to the plaintiff and her family by the deceased, and were rendered with no expectation on the part of the plaintiff to charge for them, and the estate is not now indebted to her in any amount.

It is also the contention of the defense that under the provisions of our statute of limitations the estate would not be liable for any services performed by the plaintiff for Benjamin Johnson, the deceased, more than three years prior to May 24, 1911, the date this suit was brought.

It is for you, gentlemen of the jury, after considering all the evidence in this case, to say whether Benjamin Johnson, the deceased, did or did not promise to pay the plaintiff for her services as claimed by her, or whether the said services were performed by the plaintiff for the deceased under such circumstances that the law implied an obligation on his part to pay her for the same.

If you should find that Benjamin Johnson, in his lifetime, did promise to pay Mary Isabel Jones the plaintiff for any services as claimed by her, your verdict should be for the plaintiff, and if you should find that he promised to pay her a stated price for such services, your veridct should be based on the agreed price for such a time as you shall believe he promised to pay, not exceeding however the period for which she claims.

[2] Where one person takes another person into and makes that person a member of his family, any services performed in and about that household as a member of the family by the person taken in are presumed to have been gratuitous, with no intention to charge for the same, and where such services have been gratuitously performed no charge can afterwards be made for them. This presumption may be rebutted by clearly proving, to the satisfaction of the jury, by a preponderance of evidence, an express or implied promise to pay for the said services.

[3] Our statute of limitations provides that no action of this character shall be brought after the expiration of three years from the accruing of such cause of action. But this provision does not apply when the person charged with a debt acknowledges its existence within three years of the bringing of the suit.

We will say to you that under the evidence in this case unless you are clearly of the opinion that the deceased within three years of the bringing of this suit promised to pay the plaintiff for her services, or within that time acknowledged the existence of her claim, you cannot find a verdict for the plaintiff for any services performed by her more than three years before the bringing of her suit.

If you should find from the evidence that the work done by the plaintiff for the deceased, was done under circumstances which would imply an obligation on his part to pay her for the services, your verdict should be for the plaintiff and for such sum, in accordance with the law as we have stated it to you, as you may determine would be a fair compensation for those services.

If you should decide after considering all the evidence in this case, in connection with the law as we have stated it to you, that the deceased made no express promise to pay the plaintiff for services rendered or that there was no implied promise or obligation on his part to pay for the services performed by her, your verdict should be for the defendants.

　　　　　　　　　　　　　　　　　　　　　Verdict for plaintiff.


Thereupon motions were made by counsel for defendants for a new trial and in arrest of judgment. Reasons therefor were duly filed, supported by an affidavit. Counsel for the defendants relied upon the statement made by counsel for the plaintiff in his closing remarks to the jury, set forth in the opinion of the court, following the argument of counsel.

In the argument, it was contended that counsel for the plaintiff departed from the evidence in the case in his closing address to the jury in making said statement, and in doing so made a direct, intentional and flagrant appeal to the sympathy of the jury; that the real test is not whether the caution given to the

jury by the court at the time the statement was made was suffi-
cient to destroy the influence of the statement upon the jury, but
whether the remark improperly influenced the jury in reaching
their verdict.   *Rothwell v. Elliott*, 2 *Marv.* 151, 42 *Atl.* 424;   *Houst.
E. & W. T. Ry. Co. v. McCarty*, 40 *Tex. Civ. App.* 364, 89 *S. W.*
807;   *Greenfield v. Kennett*, 69 *N. H.* 419,  45 *Atl.* 233;   *Houston &
T. C. R. Co. v. Rehm*, 36 *Tex. Civ. App.* 553, 82 *S. W.* 526;   *Beau-
mont Traction Co. v. Dilworth* (*Tex.*) 94 *S. W.* 356;   *Salter v. Rhode
Island Co.*, 27 *R. I.* 27, 30;   *Edwards v. State*, 62 *Ind.* 34, 38;   *Sulli-
van v. Chicago, R. I. & P. R. Co.*,  119 *Iowa* 464, 93 *N. W.* 367;
*Wendler v. People's House Furnishing Co.*, 165 *Mo.* 527, 542, 65
·*S. W.* 737;   *Dillingham v. Scales*, 78 *Tex.* 205, 206, 14 *S. W.* 566;
*Jung v. Theo. Hamm Brewing Co.*, 95 *Minn.* 367, 104 *N. W.* 233;
*Chicago, B. & Q. R. Co. v. Kellogg*, 55 *Neb.* 748, 753, 76 *N. W.* 462;
*Johnson v. Winship Mach. Co.*, 108 *Ga.* 554, 33 *S. E.* 1013.

For the plaintiff it was contended that notwithstanding the
statement made, the evidence strongly supported the claim of the
plaintiff, so much so that the court should conclude that the
statement inadvertently made was harmless;   that it had not
been shown that the jury were prejudiced by the statement;
that the evidence fully supported and warranted the verdict;
and that the motion for a new trial should be refused.   *Pritchard
v. Henderson*, 3 *Penn.* 151,  50 *Atl.* 217;   *Kingsley v. Finch, Pruyn
& Co.*, 54 *Misc. Rep.* 317, 105 *N. Y. Supp.* 969;   *Wightman v. Provi-
dence*, 29 *Fed. Cas. No.* 1, 177.

RICE, J., delivering the opinion of the court:
This is a motion in arrest of judgment, to set aside the verdict
of the jury returned to this court in favor of the plaintiff for the
face amount of her claim against the administrators of Benjamin
Johnson, deceased, and to award a new trial to the defendants.
The reason filed by the defendants in support of their motion
is that one of the counsel for the plaintiff in his closing address
to the jury made the following statement, to wit: "This is a poor
woman. It is for this woman to collect this claim, or the poor
house." The defendants claim that the statement made by the
counsel was outside of the evidence produced at the trial of the

case, and that the jury was influenced in their verdict by the statement, and in support of their claim have filed an affidavit by one of the defendants to this effect.

When the statement was made by the counsel for the plaintiff, an exception was immediately taken by the defendants' counsel and noted by the court, the court at the time instructing the jury that in their consideration of the case they must ignore the statement and consider evidence admitted into the case only, and counsel for the plaintiff thereupon withdrew the statement made by him.

Counsel for the defendants argued at the hearing on the motion that the statement was of such a nature that it naturally excited the pity of the jury in favor of the plaintiff and that the jury was influenced thereby in finding their verdict, notwithstanding the instruction of the court and the withdrawal by counsel.

The court is of the opinion that the statement made by counsel was most improper, and one which might under some circumstances influence a jury in finding an unjust verdict.

In the case of *Pritchard v. Henderson,* 3 *Penn.* 128, the court in refusing to grant a new trial, said: "There was sufficient conflict of testimony before the jury in this case from which reasonable men might draw different conclusions; and as the jury were the sole judges of the evidence, and as they were specially charged, not to regard any statement of counsel not supported by the evidence; and as there is nothing before the court to show that any such statement in any wise affected the verdict, within the well settled practice of this court the verdict should not be disturbed for such a reason."

Counsel for the defendants contends that in the above case when the court said, "there is nothing before us to show that any such statement in any wise affected the verdict," this had reference to the fact that no affidavit was filed by the defendant or any one for him, to the effect that the jury had been influenced in their verdict by the statement. While we do not know whether an affidavit was or was not filed in that case, yet we think that it did not have special reference to such omission, if omission there was, but that such reference was to the fact that there was nothing

New Trial Refused.

in the verdict to show that it was an unreasonable one, not within the evidence, and when the whole paragraph of the court's opinion is read we are firmly of the belief that our conclusion is a correct one.

The *Pritchard v. Henderson case* is not, in our opinion, in conflict with the earlier case of *Rothwell v. Elliott*, 2 *Marv.* 151. In the latter case the court based its refusal to award a new trial on the ground that there was no averment in the affidavit that the words spoken by counsel in any wise influenced the jury, but on the contrary the affidavit stated that it was "calculated" to influence the jury. In that case as it was not claimed in the affidavit that the statement did influence the jury, there was no reason why the court should proceed further in their consideration of the motion.

In the case before us we are of the opinion that the verdict both in favor of the plaintiff and for the amount found, was one which might well have been found by any jury from the evidence then before them, and that there is nothing to indicate in the verdict returned, that they were influenced by the statement, and it is only reasonable to believe, as directed to do by the court and by the withdrawal of the remark by counsel, that the jury ignored the statement in their consideration of the case and that they were not influenced by it.

We therefore deny the motion and refuse to award a new trial.