Statement.

WILMINGTON TRUST COMPANY AND GEORGE L. TOWNSEND, RECEIVERS OF THE INTERNATIONAL RADIATOR COMPANY, a·corporation of the State of Delaware, *vs.* HENRY W. MORGAN.

BILLS AND NOTES—DELIVERY—AFFIDAVIT OF DEFENSE.

Defendant, being sued by the receiver of a corporation on a note delivered to it, filed an affidavit of defense that the note was issued for certain advances made by the corporation to defendant prior to the date of the note, while defendant was engaged in the corporation business, and that the note was not delivered by defendant to transfer the property therein to the corporation, and that the advances evidenced by the note were expended on behalf of the corporation, which note was not delivered to give effect thereto. *Held,* that the affidavit sufficiently charged that the note was delivered for a special purpose only, and not to transfer the property and the instrument, within 26 *Del. Laws, c.* 191, § 16, relating to the character and purpose of delivery of negotiable instruments, and was therefore sufficient to prevent judgment.

(*December* 16, 1914.)

Judges BOYCE and RICE sitting.

*Charles F. Curley* for plaintiffs.

*John F. Neary* (of *Ward, Gray and Neary*) for defendant.

Superior Court, New Castle County, November Term, 1914.

SUMMONS CASE (No. 78, November Term, 1914).

Action on a promissory note given by H. W. Morgan to the International Radiator Company for eight hundred and forty dollars. Receivers of the payee were appointed, and action was brought by them against Henry W. Morgan, the maker. The plaintiffs filed an affidavit of demand to obtain judgment at first term. The defendant thereupon filed an affidavit of defense, in which he deposes and says that he verily believes there is a legal defense to the whole of the cause of action in the said suit, the nature and character of which defense is as follows, to wit: That the note sued upon in the above stated action was issued to evidence the amount of certain advances made by the said the International Radiator Company to the said Henry W. Morgan prior to the date of the said note, while the said Henry W. Morgan was engaged in the business of said company, and the said note was not delivered by the said Morgan for the purpose of transferring the property in the said note to the said the International Radi-

ator Company; that the said advances as evidenced by the said note were expended in furtherance of and on behalf of the company, and that the said note was not delivered for the purpose of giving effect thereto.

Motion was made by plaintiff's counsel for judgment notwithstanding the affidavit of defense, on the ground that it discloses a state of facts which would not be a legal bar to the action, even assuming the same to be true.

BOYCE, J.:—The affidavit of defense filed in this case is manifestly made within the purview of *Section* 16, *Chapter* 191, *Volume* 26, *Laws of Delaware*, 404 (the uniform act of negotiable instruments), respecting the character and purpose of the delivery of a negotiable instrument.

The defense relied upon by the affidavit is to the effect that the note sued upon was in the language of the statute, delivered for a special purpose only, and not for the purpose of transferring the property in the instrument. The affidavit raises such a doubt in the minds of the court, that we are constrained to deny judgment on the plaintiff's affidavit of demand.

Judgment is refused.