LUCY VAN A. SHRIVER,
Complainant below, Appellant,

*vs.*

JOHN H. DANBY and THE EQUITABLE GUARANTEE AND TRUST COMPANY, Trustees Under the Will of William H. Gregg, deceased, GEORGINE GREGG DANBY and CHARLES H. WALLACE, Guardian of Constance Gregg Wallace.

*Supreme Court, on appeal, April* 19, 1921.

Under a will giving estate in trust to pay a third of income to testator's daughter for life, and $50 monthly to each of two granddaughters till she was 21, and as each attained that age thereafter to pay her a third of the income for life, and declaring intent that the three should receive equal benefit, and that, if the income from a third of the estate should exceed the $50 a month to be so paid to a granddaughter, and should accumulate, the share of a granddaughter from which such income may accrue shall be increased in principal to the extent of such accumulation, and that any notes held by testator representing advances by him to the father of either of said grand-

daughters shall be considered a portion of that part of the trust to the income of which such granddaughter is entitled, and on the termination of the trust as to her, if any such notes shall remain unpaid, they shall be transferred to the beneficiaries entitled to the granddaughter's share as a part of the principal of her share, *held*, that the notes of a granddaughter's father held by testator formed a part of the trust estate; that if they were not paid the interest thereon, if paid, should constitute a part of the income from the trust estate; and that, if neither principal or interest should be paid, the interest should be charged to the daughter of the maker, and her share of the income diminished to that extent.

A note of deceased to another found in deceased's effects can have no effect; it not being shown that it was ever delivered or that it had consideration.

APPEAL FROM COURT OF CHANCERY. The facts are stated in the report of the case in the Court below, *ante p.* 84, 106 *Atl.* 122, and a restatement of them here is unnecessary.

Argued before PENNEWILL, C. J., and BOYCE, CONRAD and RICE, J. J.

*James I. Boyce*, for the appellant.

*Richard S. Rodney*, for the appellees.

PENNEWILL, C. J., delivering the opinion of the Court:

This is an appeal from the Court of Chancery, in which court a bill was filed by the complainant, Lucie Van A. Shriver, granddaughter of William H. Gregg, deceased, against the trustees under the will of William H. Gregg, for the purpose of correcting the accounts passed by the trustees under his will. The opinion delivered by the Chancellor, and reported *ante p.* 84, 106 *Atl.* 122, so fully and clearly states the facts and contentions of the parties that it is deemed unnecessary to restate them here at length.

William H. Gregg devised the residue of his estate to the appellees in trust to pay a certain sum monthly to his two granddaughters until they attained the age of twenty-one years, and to pay to his daughter one-third of the whole net income of the trust estate for life. And when and as the granddaughters arrived at twenty-one years of age, to pay unto each of them one-third of the whole net income for life.

The will also contained the following provisions:

"And it is my will and intent that each of my said granddaughters and my said daughter shall receive equal benefit and be entitled to an equal one-third share of my estate; and in case the net income from one-third of my estate shall exceed the sum of fifty dollars per month to be paid to my said granddaughters respectively until they attain their majority, and shall accumulate in the hands of the said trustees, then the share of either or both of my said granddaughters from whose share such income may accrue, shall be increased in principal to the extent of such accumulated income in each case respectively.

"And it is further my will that any obligations I may hold representing advances to either of my said sons-in-law, Frank W. Shriver or Dr. Charles H. Wallace, shall be held, taken to be and considered a portion of that part of my trust estate to the income of which their daughters respectively are entitled, and upon the termination of the trust as to them respectively, if any such obligation shall remain unpaid, they shall be transferred by my said trustees to the beneficiaries entitled to my granddaughters' shares respectively as a part of the principal of their shares respectively."

All the questions raised and argued before the Court relate to the construction of the will of William H. Gregg, and are stated by counsel for complainant in their brief as follows:

"Did testator intend to convert an obligation of a son-in-law into an advancement to the granddaughter, and to charge the latter, during the whole of her life with interest thereon from the date of his death; and in effectuating such intention may testamentary trustees fabricate their account with the statement of the receipt and disbursement of interest on said obligation and charge the same against the granddaughter's income, when in fact such interest was never paid to the trustees, and the will is silent as to the payment of interest, but in express terms provides for the distribution of whole net income from the entire residuary estate, equally among his child and two grandchildren, during their respective lives, and upon the granddaughter's death for the deduction from her share of principal of any of the son-in-law's obligations then unpaid?

"May interest be charged on an obligation of a son-in-law converted into an advancement to a granddaughter and be deducted from the latter's share of income, in the absence of a clearly and unequivocally expressed intention so to do, contained in the will?

"May a promissory note made by testator to the order of his son-in-law and by the latter indorsed to his daughter, admittedly without legal consideration and unenforceable as a legal debt against testator's estate, be considered in equity in the ascertainment of the deductions to be made from the granddaughter's share because of obligations of the son-in-law to the estate of the testator?"

The Court are clearly of the opinion that the notes of Shriver held by the testator were intended by him to be obligations of the maker and not advancements to his daughter, the complainant. The testator not only intended that they should constitute a part of his residuary estate, and of the trust estate, but he contemplated that the notes should be paid, for he provided that if they were not paid they should be transferred to the beneficiaries entitled to the granddaughter's share as a part of the principal of such share. If the notes were obligations purely, which the testator intended should be paid, or which he contemplated might be paid during the continuance of the trust, then, of course, they bore interest, and unpaid interest as well as principal would be collectible by the legal holders after the expiration of the trust.

It was also intended, we think, that said notes should affect the income the granddaughters would receive under the trust, because while the testator said that his daughter and granddaughters should have equal parts of the net income from his trust estate, he also provided, later in his will, that the obligations against his son-in-law should form a portion of that part of his trust estate to the income of which his granddaughter would be entitled.

It was not his intention that the principal of said notes should be deducted from the net income of his estate coming to his granddaughter, because all she could receive from the trust estate was income. She could not receive, or be charged with the principal of the notes, and, moreover, there was an annuity payable to the testator's sister from the income of the total residue, and a first charge thereon, so that said notes could not be deducted during the life of the annuitant. The notes would have formed a part of the entire trust estate if they were not specifically mentioned, but the testator, to an extent, segregated his granddaughter's interest in the trust estate by providing that the notes should be taken to be a portion of her income therefrom. Undoubtedly, what the testator meant was this: That his daughter and granddaughters should share equally in the net income from his trust estate, the notes of his sons-in-law being a part thereof; and they would have so shared if the notes or even the interest had been paid. But anticipating that neither the principal nor

interest would be paid he provided that the interest on the notes should constitute a part of the income his granddaughter should receive. The notes being a part of the trust estate, and the trustees being entitled to the interest on the notes, the testator must have meant, that in ascertaining the granddaughter's share of the income the trustees should treat the interest as paid, and charge her accordingly. In no other way could the intention of the testator be carried out.

With respect to the promissory note drawn by the testator to his son-in-law, Shriver, and found by the latter among the effects of the testator some eight or nine years after his death, we think it is not shown that the note was ever in fact delivered to Shriver; and even if it was there is nothing to show that there was any consideration for it. The attempted transfer of it by Shriver to his daughter to discharge his obligation to the testator's estate, to the extent of the note, was without effect either in law or equity.

The important and essential thing to ascertain in the decision of the case is the intention of the testator, and the Court are of the opinion that such intention may be expressed as follows:

1. That the Shriver notes should form a part of the trust estate.

2. That if the notes were not paid the interest thereon, if paid, should constitute a part of the income from the trust estate.

3. If neither the notes nor the interest was paid, the interest should be charged to the daughter of the maker, and her share of the income be diminished to the extent of the interest unpaid, so that the other *cestui que* trust should not suffer nor their shares of the income from the trust estate be affected by the default of the maker of the notes.

The decree of the Court below will be affirmed.