In the Matter of

PETITION FOR ADOPTION.

*New Castle, July* 5, 1935.

WOLCOTT, Presiding Judge, sitting.

*William Prickett,* for petitioner.

The memorandum is as follows:

WOLCOTT, Presiding Judge:

The petition is proposed to be presented under the *Adoption Statute*, 38 *Del. Laws, Chap.* 162 (*Page* 613). If the petitioner cannot bring herself within that statute, she cannot of course maintain an adoption proceeding.

The petitioner was and continues to be a married woman. In March of this year, however, she secured a decree *nisi* in divorce against her husband. The decree *nisi* cannot become absolute until after the expiration of one year from the entry thereof. *Revised Code* 1915, § 3026. Until the entry of an absolute decree the status of the petitioner as a married woman remains unaltered.

The statue permits a petition for adoption to be filed by "a resident of this State who is over twenty-one years of age and not married, or a husband and wife residents of this State (if not legally separated) jointly."

The petition is the sole petition of a married woman. But, it is contended, the effect of the decree *nisi* is to adjudicate a legal separation of herself and husband, and that if husband and wife are thus legally separated either spouse may file a separate petition for adoption.

The statute does not say so. I take it to be clear that no adoption proceedings can be maintained unless the case falls plainly within the provisions of the statute. The statute is express in so providing.

There are two classes of petitioners named in the statute. They are (1) a person who is not married, and (2) a husband and wife who must petition jointly (if not legally separated).

The petitioner is not in the category just designated

as (1). How can she bring herself within the category designated as (2)?

The petitioner's attorney argues that if there is a legal separation, either spouse may file a sole petition. The argument introduces a third category of possible petitioners, viz., a married person who is legally separated from his or her spouse, in which case a sole petition may be presented. If there be such a third class it is derivable only by argumentative inference. But what, I ask, is the justification for such an inference? It is to be remembered that the statute is a creative one, by which I mean it gives birth to rights and specifies those who may enjoy them. The maxim *expressio unius est exclusio alterius* is especially applicable in the interpretation of such a statute. 2 *Lewis' Sutherland, Statutory Construction,* (2d *Ed.*) § 491. As to married persons, the statute allows them to file a joint petition if they are not legally separated. Plainly they cannot file a joint petition if they are legally separated. The case of a married person legally separated from his or her spouse is not covered by the statute. It is not permissible to say that the Legislature meant such a case to be included, because it is entirely conceivable that considerations of policy might well have suggested that in such a case neither spouse should be permitted to assume the relationship of parent to a child of alien blood as long as the marital bond remained unbroken.

Assuming then, without deciding that the petitioner is in a state of legal separation from her husband, as it is argued she is, she is nevertheless not within the permissive scope of the statute's provisions.

I accordingly advise the attorney for the petitioner that the petition if formally presented will be dismissed. If it is desired to lay the basis for an appeal, the petition may be filed and an order will be entered denying its prayer.