HANCE HARDWARE COMPANY *v.* WALTER F. HOWARD.

(*June* 24, 1939.)

RODNEY and SPEAKMAN, J. J., sitting.

*William Prickett* for plaintiff.

*Albert L. Simon* for defendant.

Superior Court for New Castle County, No. 138, May Term, 1939.

RODNEY, J., delivering the opinion of the Court:

It is unnecessary for us, in this case to determine whether or not the bare allegation of "no consideration" is sufficient in an affidavit of defense. There is much authority to the effect that it is a mere conclusion which should be supported by the facts and circumstances. These facts

and circumstances in this case are set out by the defendant and on these the defendant must rely. The Statute concerning the manner of obtaining judgments at the first term on certain stipulated causes of action (including the present) requires that the defendant in order to prevent such judgment shall file an affidavit of defense. This affidavit must aver a legal defense and set out the nature and character of it. This the defendant has done to a limited extent. He has stated (1) that the plaintiff did not give or hand over to the defendant any money or merchandise; (2) that it did not perform any work or service for the defendant; (3) that it did not give the defendant anything of value for the note; (4) that defendant did not receive from plaintiff any money, merchandise or anything of value for the note; (5) that defendant did not receive from the plaintiff any services or work for the note.

It will be seen that the affidavit of defense, by accident or design, is so drawn as to confine the denial of consideration to questions of money, merchandise, things of value or work or services passing directly between the plaintiff and the defendant, the original parties to the note. Sufficient consideration for a negotiable note is not so narrow.

■ ■ There is a double presumption of a valuable consideration attaching to the present note. (1) It is a negotiable instrument. *Sec.* 24 of the *Negotiable Instrument Act* (*Sec.* 3148, *Revised Code of Delaware* 1935) provides:

"Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

(2) The note sued upon, over the signature of the defendant, includes the words "value received." Before the *Negotiable Instruments Act* the necessity of these words was more stringent. The omission of the words does not now weaken the presumption of valuable consideration. *McLeod v. Hunter,* 29 *Misc.* 558, 61 *N. Y. S.* 73.

The presence of the words, however, has always been a *prima facie* acknowledgement or admission by the makers of the receipt of a sufficient consideration. *Palmer v. Blanchard,* 113 *Me.* 380, 94 *A.* 220, *Ann. Cas.* 1917 *A,* 809; *Owens v. Blackburn,* 161 *App. Div.* 827, 146 *N. Y. S.* 966; *Du Bosque v. Munroe,* 168 *App. Div.* 821, 154 *N. Y. S.* 462; *Hamilton v. Hamilton,* 127 *App. Div.* 871, 112 *N. Y. S.* 10.

The statute, however, only makes the presumption of consideration of a *prima facie* nature. The defendant is at liberty to aver and to show lack of consideration as a fact. So, too, as to the words "value received." The *prima facie* inference to be drawn from their presence is rebuttable and an instrument containing them may be shown to have had no consideration. *Shriver v. Danby,* 12 *Del. Ch.* 84, 106 *A.* 122, affirmed 12 *Del. Ch.* 390, 113 *A.* 612.

Consideration, sufficient for a note, is not confined to money or other things actually passing between the maker and payee, and the presumption of consideration attaching to a negotiable instrument or arising from the use by the maker of the words "value received" is not so limited in character. "Any benefit to the promisor or detriment to the promisee" is a broad definition of consideration. 7 *Am. Jur.* 925; *Waterman v. Barratt,* 4 *Harr.* 311.

There are a number of methods of furnishing sufficient consideration for a note other than direct transfers between the maker and payee. Space prevents the consideration of but one. It is the generally accepted law that consideration does not need to pass directly from the payee to the maker, but it is sufficient if the obligor receives the consideration from someone other than the obligee.

Professor Williston in 1 *Williston on Contracts, Rev. Ed.,* § 108, *p.* 372, says:

"Whatever may be the law in regard to simple contracts as to

the person from whom consideration must move, there is no doubt that an obligation upon a negotiable instrument may be supported by consideration received by the obligor from some one other than the obligee as well as by consideration furnished to some one other than the obligor."

See, also, 1 *Williston*, *p.* 386; 2 *Williston*, *p.* 1040; 1 *Page on Contracts*, § 531.

The foregoing authorities seem amply supported by the cases, *Farrow v. Turner*, 2 *A. K. Marsh.* (*Ky.*) 495; *Utah Nat. Bank v. Nelson*, 38 *Utah* 169, 111 *P.* 907; *Reavis v. Reavis*, 213 *Mo. App.* 119, 237 *S. W.* 217; *Hale v. Harris*, (*Ky.*) 91 *S. W.* 660, 5 *L. R. A.* (*N. S.*) 295; *Bank of Newbury v. Rand*, 38 *N. H.* 166; *Carter v. Long*, 125 *Ala.* 280, 28 *So.* 74; *Lee v. Exchange Nat. Bank*, 31 *Ga. App.* 470, 120 *S. E.* 694.

In *Dalrymple v. Wyker*, 60 *Ohio St.* 108, 53 *N. E.* 713, 714, it is said:

"We think it is well settled on principle and authority that, in pleading a want of consideration * * * to a note, it is necessary to aver that there was no consideration for the note. A mere averment that there was none moving to the maker is not sufficient. For *non constat* but that there may have been a consideration in loss or detriment to the promissee * * *." See, also, *Pierce v. Harper*, (6 *Cir.*) 249 *F.* 867.

One real test may be that every word in the present affidavit of defense may be true and admitted and still it does not necessarily furnish any defense to the note sued on.

If you can accept and admit every allegation of an affidavit of defense and still there remains clear legal principles upon which the claim of the plaintiff may rest as to which no defense is offered, then the affidavit of defense must be insufficient, under the Statute, to prevent judgment.