**Frances S. RYAN, Plaintiff,**

v.

**William H. RYAN, Defendant.**

Superior Court of Delaware, New Castle.

Nov. 15, 1972.

---

James A. Walsh, Wilmington, for plaintiff.

Frank J. Gentile, Jr., Wilmington, for defendant.

## OPINION AFTER TRIAL

TAYLOR, Judge.

The parties to this action were divorced by final decree dated November 30, 1971. The wife has brought an action for judgment on a note in the amount of $1,500.00 signed by husband dated December 19, 1970 and delivered to wife March, 1972, subsequent to the entry of the final decree of divorce. Husband has counterclaimed for expenditures made and personal services rendered to wife subsequent to the filing of the divorce action.[1]

Husband defends against the note on the ground that this Court is without jurisdiction to enforce the note since it was executed while the parties were still married. Wife asserts that the principle urged by husband is not applicable since the note was not delivered until the divorce had become final.

In Burke v. Burke, 32 Del.Ch. 320, 86 A.2d 51 (Del.Ch.1952), then Vice Chancellor Bramhall held that an agreement made between husband and wife is unenforceable at law and may only be enforced in equity. This, he held, was true even though the parties thereafter divorced. *Ibid.*

In this case, after the issuance of the decree nisi and before the final decree, the parties resolved their differences concerning the division of property and indebtedness, and husband delivered the executed confessed judgment note to his attorney. When the final decree was entered, husband's attorney delivered the executed note to wife's attorney.

Proceeding from the premise that an agreement made between husband and wife is not enforceable at law, the issue here is whether the note executed by husband

---

1. The note contained the traditional provisions applicable to a confessed judgment note. However, the parties have proceeded to a hearing on the merits of the claim and counterclaim, and the case is being decided on this basis.

prior to the final decree but not delivered until after the decree is subject to the same disability. Was the obligation created while the parties were husband and wife?

Execution of an instrument is not alone sufficient to give it binding validity. It must, generally, be accompanied by intentional delivery. Pappas v. Venetsanos, 19 Del.Ch. 347, 167 A. 842, 843 (Del.Ch.1933), aff'd. 20 Del.Ch. 453, 171 A. 925 (Del.Supr. 193). A promissory note will not be binding upon the maker unless the required delivery is established. Shriver v. Danby, 12 Del.Ch. 390, 113 A. 612 (Del.Supr.1921); Wilmington Trust Co. v. Morgan, 5 Boyce 261, 92 A. 988 (Del.Super.1914). 10 C.J.S. Bills and Notes § 78, pp. 510–513. The Uniform Commercial Code (Title 5A, Delaware Code), adopted by this State in 1967, recognizes that a person other than a holder in due course, takes an instrument subject to all defenses which would be available in an action on a simple contract, including defenses such as non-delivery. 5A Del.C. Sec. 3–306. The comment following this section indicates that the section "condenses the consideration provisions of § 28 of the NIL, 6 Del.C. § 128 and the delivery provisions of § 16 of the NIL, 6 Del.C. § 116 into a single section". Under the Negotiable Instruments Law, which was replaced by portions of the Uniform Commercial Code, it was provided that "every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto". 6 Del.C. Sec. 116. Under the above principles, the execution of the note, standing alone, did not make it binding and enforceable. Not until there was delivery to the payee was it binding and enforceable.

According to the testimony, delivery occurred after the divorce became final. The parties at that time were under no disability to contract or litigate with each other. Since no disability existed at the time the note became binding and effective, the asserted defense fails.

No defenses have been raised as to the note other than the issue decided above. Accordingly, plaintiff is entitled to judgment in the amount of the note, with interest.

Husband has counterclaimed for expenditures made and professional services rendered subsequent to his filing of the divorce action. He did not render any bill or assert any claim against wife until after wife undertook to obtain a judgment on the promissory note. There was no discussion or agreement relating to the compensation for husband for the professional services which he rendered for his wife, although wife was aware of husband's rate of charges for the professional services which he rendered. Husband, who is a Certified Public Accountant, had traditionally rendered professional services for wife for which he had never claimed compensation.

With respect to services rendered and expenditures made prior to the final decree, the principle of *Burke,* supra, discussed above, would bar recovery in this Court. Cf. Walls v. Walls, 197 A.2d 467 (Del.Supr.1964); Vinyard v. Vinyard, 4 Terry 422, 48 A.2d 497 (Del.Super.1946); In re Petition for Adoption, 21 Del.Ch. 433, 180 A. 643 (Del.Orph.Ct.1935). In addition, it will be noted that the parties negotiated a settlement of their claims shortly before the entry of the final decree. Claims arising prior to that time must be held to have been encompassed by the settlement and are therefore barred.

Certain claims are for professional services rendered after the divorce became final. There was no actual promise to pay for these services. If there is to be recovery, it must be on the theory of implied promise to pay. The theory of implied promise to pay applies in most situations.

Bellanca Corp. v. Bellanca, 3 Storey 378, 169 A.2d 620 (Del.Supr.1961). There are relationships between parties to which the theory is not applied. The law does not imply a promise to pay for services usually rendered gratuitously, in the case of near relations. Wilson v. Equitable Security Trust Co., 2 Storey 353, 158 A.2d 281 (Del.Supr.1960). Mariner v. Collins, 5 Har. 290 (Del.Super.1850); State v. Connoway, 2 Houst. 206 (Del.Super.1860); Joseph v. Johnson, 7 Pennew. 468, 82 A. 30 (Del.Super.1908); Jones v. Tucker, 3 Boyce 422, 84 A. 1012 (Del.Super.1912). This principle applies also to friends. Joseph v. Johnson, supra. Circumstances may, of course, exist which would remove the transaction from the rule which ordinarily applies in the case of services motivated primarily by family relationship or friendship. Jones v. Tucker, supra.

█ The Court recognizes that in many instances, events leading to divorce, or the divorce itself have produced such a cleavage between the parties that the relationship is bereft of friendship or even cordiality. But, fortunately, this is not invariably true. In this instance, it appears that a cordial, non-business relationship continued to exist between husband and wife. Husband continued to perform certain professional services as before, and there was no indication by husband that he expected wife to pay for the services which he rendered. Under these facts, there was no implied promise to pay, and husband is not entitled to recover from wife for such services.

Certain services were rendered for North Star Motors, a business operated by wife's brother. The decision that husband is not entitled to recovery against wife for these services is not intended to preclude husband from obtaining appropriate recovery against the firm for which the services were rendered.

By way of summary, judgment will be entered in favor of plaintiff against defendant in the amount of $1,500.00 with interest, counsel fee as provided in the confessed judgment note, and costs; and judgment is given in favor of plaintiff on defendant's counterclaim.

It is so ordered.