### 4109.   WILKINS *v.* BARNES.

Where a minor unlawfully took possession of money of another and appropriated it to his own use, no legal obligation was imposed upon his parent to repay the money to the owner, and an agreement or promise of the parent to do so was nudum pactum and unenforceable.
                    DECIDED JULY 23, 1912.

Appeal; from Walton superior court—Judge H. C. Hammond presiding.   February 20, 1911.

*W. O. Dean,* for plaintiff.   *Orrin Roberts,* for defendant.

HILL, C. J.   Wilkins brought suit against Barnes in a justice's court, on an account, and the case was appealed to the superior court.   In the latter court the presiding judge, at the conclusion of the plaintiff's evidence, directed a verdict for the defendant; and the plaintiff excepted.   The facts are as follows:   The plain-

tiff's son and the defendant's son, two minors about sixteen years of age, took and carried off from the plaintiff $102 of the plaintiff's money, which they spent, and the two boys were arrested and brought to Athens and lodged in jail. The two fathers went to Athens for the purpose of rendering assistance to their boys. The defendant had no money. The plaintiff proposed to the defendant that he would pay the expenses of the arrest, which amounted to $8, and the boys could be released from custody, if the defendant would agree to pay him back in the fall a half of this amount, and $55, half of the amount of money which the two boys had taken from the plaintiff and spent without authority. The defendant agreed to do this. The boys were thereupon discharged. Subsequently the defendant paid to the plaintiff $4, being a half of the $8 costs which had accrued in the arrest of the boys, but refused to pay a half of the money which the boys had spent, and the suit was brought by plaintiff to recover this half, based upon the promise of the defendant to pay it.

At the conclusion of the evidence the defendant moved for a nonsuit, and the court stated that the defendant could take either a verdict or an order of nonsuit. The defendant elected to take a verdict. The proper procedure would have been the grant of a nonsuit, if the plaintiff was not entitled to recover under the evidence. This fact is immaterial, however, in view of the fact that we think it very clear, under the undisputed evidence, that the agreement which the defendant made to repay the plaintiff the money which the boy had spent was a mere nudum pactum and was not enforceable. It is insisted by the defendant that the case is within the statute of frauds, and the agreement to pay, not being in writing, was void. It is insisted by the plaintiff that it was an original agreement, and further that the payment by the plaintiff of the $4 was such part performance of the contract as would take it out of the statute. Irrespective of whether the case is within the statute of frauds or not, as the contract would have been without any consideration even if it had been in writing, the question is unimportant. We affirm the judgment because, under the admitted facts, the contract sued upon was simply nudum pactum.

It is contended by the plaintiff that the contract was a binding obligation on the parent because it was an assumption by the father

of the debt of his minor son. The answer to this is that the father, under the facts of the case, was under no legal obligation to pay the debt of his minor son, incurred as this one was. While a parent might be willing to pay the debt of his minor child, he is under no valid obligation to do so, unless for necessaries furnished the minor under certain circumstances.　　　　*Judgment affirmed.*