# POWELL *v.* GEORGIA, FLORIDA AND ALABAMA RAIL-WAY COMPANY.

1. In order to properly present for decision by the Supreme Court the question whether or not error was committed in admitting given evidence, the complaining party must make it appear not only that the evidence was admitted over his objection, but also what grounds of objection he urged before the trial court at the time the evidence was offered.

2. Where the promoters of a railroad mutually agree to render, without compensation, their personal services in furthering the enterprise, one of them who performs services in pursuance of the agreement can not exact payment therefor from the railway corporation receiving the benefit of the same. Such an agreement does not lack a good and valuable consideration; and though the corporation be not a party thereto, it may, as matter of defense, negative any implied promise on its part to pay for the services so rendered, by showing that they were performed for its benefit under that agreement. If one of the parties to it is a partnership, the members of which assent to its terms and undertake to comply therewith, services performed by one of the partners are legally to be regarded as having been rendered by the partnership and not by him as an individual.

3. The court fully, fairly, and correctly submitted to the jury the contention of the plaintiff that the services performed by him were rendered, not in pursuance of any such agreement, but under circumstances from which the law would imply a promise by the defendant company to pay therefor what they were reasonably worth.

4. A charge to the effect that it is incumbent on a plaintiff to make out his case, in every essential element, "to the satisfaction of the jury," is not calculated to so operate to his prejudice as to afford cause for a new trial, when it appears that he made no request to charge as to how the burden of proof resting upon him could be successfully carried.

5. In charging upon the contentions of the defendant, the court did not express any opinion as to what had been proved. The evidence fully warranted the finding of the jury, and for no reason assigned should the verdict be set aside.

Argued December 15, 1904. — Decided January 28, 1905.

Complaint. Before Judge Bower. City court of Bainbridge. June 28, 1904.

*T. S. Hawes* and *Toomer & Reynolds*, for plaintiff.
*Donalson & Donalson*, for defendant.

EVANS, J. The plaintiff below, M. D. Powell, brought suit against the Georgia, Florida and Alabama Railway Company, formerly the Georgia Pine Railway Company, for six thousand dollars, in which amount the plaintiff alleged the defendant company was indebted to him for services rendered by him in procuring its right of way, superintending the construction of its road-bed,

etc. The defendant filed an answer denying all liability in the premises. On the trial, the plaintiff introduced evidence tending to show he had performed services in behalf of the company, as alleged, which services he had been induced to perform under an implied, if not an express, promise on the part of the company's officials to pay therefor. The defendant, on the other hand, introduced evidence in support of its contention that such services as were rendered by the plaintiff were performed by him in compliance with an understanding between the promoters of the enterprise, of whom he was one, that they were to receive no compensation for their services in building the road, as they in their capacity of stockholders would be mutually benefited by the construction of the road, which they contemplated selling at a profit after it was completed between two designated points. The jury returned a verdict in favor of the defendant; whereupon the plaintiff made a motion for a new trial, which was overruled by the court, and he excepted.

1. It appears that Powell Brothers, a partnership composed of the plaintiff and his brother, E. R. Powell, subscribed to stock and was largely interested in the success of the project of building the road, as were Henry Bruton and J. P. Williams, other promoters of the enterprise. The defendant offered witnesses who testified that both of the members of the firm of Powell Brothers agreed that they would, in order to subserve the interests of that firm, contribute their personal services in securing a right of way and superintending the construction of the road, provided Bruton and Williams would likewise, without compensation, lend their aid in promoting the project; and that it was under this arrangement, which was assented to and carried out by all parties at interest, that the plaintiff rendered the services performed by him. The defendant also tendered in evidence a letter, dated July 27, 1898, of which the following is a copy: "Mr. J. P. Williams, Prest., Savannah, Ga.: Dear Sir,— Your favor of the 9th inst. just received. As I have been away from home for two weeks, or would of replied to you earlier. I don't think Mr. Henry Bruton will attempt to put in any account for services rendered the G. P. Ry. Co., as he very well understands the agreement in regards to salaries, before the commencement of the construction of the road; and I will certainly oppose paying Mr.

Bruton for any services he has rendered to the G. P. Ry. Co., as I did hard work and for a long time, but did not expect one cent for it, as it was my understanding that we was to attend to the work without any salaries for services. Yours truly, E. R. Powell." Complaint is made in the motion for a new trial that the court erred in admitting this letter " over plaintiff's objection," but what objection he urged against its admission is not stated. Such an assignment of error can not be considered by this court, for the reason that it is incumbent on a plaintiff in error to make it appear what were the grounds of objection stated to the trial court at the time the evidence objected to was offered by the opposite party. *Tilly* v. *McJunkin*, 116 *Ga.* 426; *Butts* v. *State*, 118 *Ga.* 750. It is true, in the present case, as the Chief Justice remarked was true in the case of *Frey* v. *Macon Sash Co.*, 112 *Ga.* 244, that "in making the motion for a new trial, reasons were assigned why the evidence was inadmissible; but, as has been frequently held, this court can not consider such reasons where it does not appear that they were presented to the trial judge at the time the evidence was offered."

2. In view of the evidence summarized in the preceding division of this opinion, it is obvious that there is no merit in the further complaint of the plaintiff that the evidence did not warrant the court in submitting to the jury the contention of the defendant that the services for which the plaintiff sought compensation were really rendered to the company by the firm of Powell Brothers and not by M. D. Powell, the plaintiff, as an individual. The court further instructed the jury, in effect, that if the plaintiff performed the services rendered under an agreement to which Bruton, Williams, and Powell Brothers were parties, whereby none of these parties was to receive compensation for services rendered in furthering the enterprise, then the plaintiff could not legally call on the defendant company for payment for the services performed by him of which it received the benefit. Exception is taken to this portion of the charge, on the grounds, (1) that it precluded the jury from finding that the company had made an implied promise to pay the plaintiff for his services; (2) that the alleged agreement was without consideration; and (3) the company, not being a party thereto, could take no advantage thereof, even if it was operative and binding on the persons who entered

into it. Evidently these contentions grow out of a misapprehension of the law. The mutual promises of the parties to the agreement to perform services without compensation constituted a valid consideration for the obligations each assumed under that agreement. By express covenant the defendant company was to receive the benefits of this agreement; and it follows necessarily that, in accepting the fruits thereof, the company in no wise impliedly promised to pay the plaintiff anything for services performed by him in compliance with this agreement.

3. The court fully and fairly submitted to the jury the contention of the plaintiff that he had never been a party to any such agreement, but had performed services for the company under circumstances from which the law would imply a promise on the part of the company to pay him therefor what they were reasonably worth. On the other hand, the court instructed the jury that the plaintiff was bound to show he performed the alleged services "under some contract, either express or implied." This charge is excepted to on the ground that it excluded from the consideration of the jury "any services which may have been rendered to defendant by plaintiff and accepted by it," for which services the law would imply a promise to pay, "though not performed under any express or implied contract." We infer that the criticism thus sought to be made on the charge is that the jury may have understood the court to mean that the plaintiff was bound to show that there was an express or implied contract made before he performed any services. The jury could not have received this impression; for in the same connection the court stated to the jury that "an implied contract would be any action" by the defendant company or conduct on its part such "as induced Powell to perform the services," acceptance by the company of his services, and ratification of their performance. The court further charged: "If there is no express contract, then it might be under some implied contract; some contract that arose from the action and conduct of the parties, arose from the fact that he went forth and performed the services and the defendant accepted the services and encouraged him in performing them, and ratified or enjoyed by taking the benefit of the services." The plaintiff insists that this instruction was erroneous in that it cut off all right to a recovery save in the event the jury should "find

that the services rendered by the plaintiff to defendant had been noticed or encouraged by the defendant." The point is not well taken. The court merely informed the jury that under such circumstances as were detailed the law would imply a promise to pay. The term "noticed" was not employed, nor did the court by this charge make it incumbent on the plaintiff to show, as a condition precedent to a recovery, that the company "encouraged" him in performing services in its behalf. The charge was in accord with the evidence on which the plaintiff relied as disclosing that the officials of the company knew that the plaintiff was assisting in constructing its road, encouraged him to continue his services, and ratified his action by accepting the fruits of his toil and enjoying the benefits flowing therefrom. If the plaintiff desired any further instructions to the jury on this line, he should have presented a timely request in writing.

4. In another ground of the motion for a new trial exception is taken to the following charge: "When the plaintiff brings a suit into court, the burden of proof is on him to make out his case to the jury to the satisfaction of the jury in every essential element." The assignment of error on this charge is that "it imposed upon the plaintiff a greater burden than is imposed by law," and "incorrectly stated to the jury the rule of law as to the weight and preponderance of evidence." The court was not undertaking to instruct the jury as to the law relating to the weight and preponderance of evidence, but merely to inform them that under the law (Civil Code, § 5160) the burden of proof rested on the plaintiff, not upon the defendant, and it was necessary that the plaintiff should prove every fact essential to making out his case. The court added: "The burden would be on Mid. Powell to show that he performed this service, and that the services were worth the amount that he charged for them, or such other amount he claims for them under the proof." We fail to see how the plaintiff was prejudiced by the court telling the jury that the burden was on the plaintiff to establish these facts by proof which was to them satisfactory; for it left them free to find in his favor if they credited the testimony submitted in his behalf, irrespective of the question whether he had established his contentions by a preponderance of the evidence. The jury could not have understood the court to mean that they were at liberty to act arbitrarily in the

matter and to capriciously expect him to produce more or better proof than was sufficient to satisfy the minds of reasonable men honestly endeavoring to arrive at the real truth of the controversy. If either of the parties desired the court to specially charge how the plaintiff could successfully carry the burden resting upon him, or to charge on the subject of the weight or preponderance of evidence, a request to so charge should have been presented. *Gunn* v. *Harris*, 88 *Ga.* 439 (5). In the case cited, the losing party was the defendant, and he insisted that a charge on the burden of proof similar to that excepted to in the present case was more favorable to the prevailing party than the law justified.

5. There was considerable difference of opinion on the part of the witnesses as to the extent and value of the plaintiff's services. He complains that the court charged: "They first contend that the services were performed, and put further proof of how each was performed." The exception to this charge is that "it contained an expression by the court that a material fact in controversy, to wit, the extent of the services rendered by the plaintiff to defendant, had been proved." By referring to the entire charge of the court, which is a part of the record, we find that in using the pronoun "they," the trial judge referred to the defendant company. But his statement that it had "put further proof of how" the services of the plaintiff had been performed did not amount to an expression of opinion as to the extent of such services, or to anything more than a statement that the defendant had introduced evidence as to how they were performed. The play is, apparently, upon the use of the term "proof," rather than of the word "evidence." As is conclusively evidenced by the verdict, the jury either did not dream that the court had expressed an opinion that the extent of the plaintiff's services was shown by the defendant's evidence, or else wholly disregarded what the court said in this connection and found for the defendant on the issue whether or not the plaintiff was a party to an agreement under which he was to perform these services without compensation. In other words, the jury found that, irrespective of the extent and value of the services rendered, he could recover nothing from the company, because he had bound himself to perform such services free of charge to it. The evidence fully war-

ranted this finding, and for no reason assigned in the plaintiff's motion for a new trial should the verdict be set aside.

*Judgment affirmed.　All the Justices concur.*