## WRIGHT *et al.* v. THREATT *et al.*

A promise to answer for the debt, default, or miscarriage of another must be in writing and be supported by a consideration. A promise to pay an existing debt of another, which has only love and affection for a consideration, and which is executory, and from which no benefit accrues to the promisor or to the debtor, is nudum pactum and can not be enforced.

MAY 16, 1917.

Interpleader. Before Judge Mathews. Bibb superior court. March 16, 1916.

The American National Insurance Company brought an action against Sarah Threatt, W. F. Boddie, and Julius Wright, and alleged substantially as follows: On January 14, 1914, Willie Threatt applied for, and petitioner issued to him, a policy of insurance for the principal sum of $320. Under the terms of the policy, in case of the death of the insured the amount of $320 was to be payable to Sarah Threatt, his sister, as the beneficiary. The insured kept up and paid his premiums under the policy, and died while it was in force. Sarah Threatt as beneficiary furnished to · petitioner proper proofs of death, and under the terms of the policy the amount of $320 became due and payable to her. On April 27, 1915, she gave a power of attorney to Dr. W. F. Boddie, authorizing him to collect from petitioner the sum of $48 out of the proceeds

of the policy; and a copy of the power of attorney was delivered to petitioner. On April 30, 1915, she executed and delivered to petitioner what purports to be a revocation of the power of attorney. A similar power of attorney was given to Julius Wright, authorizing him to collect $18.15 out of the proceeds of the policy, and was delivered to petitioner; and a similar revocation thereof was delivered to petitioner on April 30, 1915. Petitioner has been notified by all of the defendants that they claim their respective rights and interests in the proceeds of the policy; and they have refused to release petitioner upon the policy and powers of attorney unless payment of the amounts they claim is made to them. Sarah Threatt claims the full amount of the policy. W. F. Boddie claims $48, and Julius Wright claims $18.15. By reason of these claims it is doubtful and dangerous for petitioner to act in the premises. It is not in collusion with any of the claimants of the fund, and has no interest therein. It prays, that it be permitted to pay the fund into court and be discharged from any and all liability to each of the parties defendant, upon the policy or the powers of attorney; and that the defendants be required to interplead and have their respective rights and interests in the proceeds of the policy determined in this cause.

An order granting the prayer of the petition was passed, with the provision that Sarah Threatt have the right to apply to the court to have the uncontested portion of the amount of the policy paid over to her, upon five days notice to the other defendants. She answered, in substance, that the execution of the powers of attorney was procured by fraud upon her (in circumstances detailed) ; that they were never read to her; and that she was illiterate, unable to read or write. She was informed later by the agent in charge of the office and place of business of the insurance company that she had executed the powers of attorney. She immediately delivered to the insurance company a revocation of the powers of attorney, and has not revived them by act or conduct. No consideration existed for their execution. She prays, that they be declared void and of no effect, that the entire proceeds of the policy be awarded to her; and that the other defendants be decreed to have no interest therein. Boddie and Wright by their answer admit most of the allegations of the petition. They do not deny that the purported revocations of the powers of attorney were

filed with the plaintiff. They allege, that they are entitled to the sums of money for which powers of attorney were given; that they were not procured by fraud, but were entered into bona fide and after full knowledge of every fact which they contain was fully explained and understood by Sarah Threatt before they were signed by her; that they are coupled with an interest and are irrevocable; that they were given upon a good and valuable consideration, and form a contract of suretyship, for a debt, and the power in each instance is conferred for the purpose of effecting the security, and, whether coupled with an interest or not, is irrevocable; that, at the time and before the powers of attorney were given, Sarah Threatt executed and gave to each of these defendants a contract by which she agreed to answer for the debt or debts of her deceased brother, Willie Threatt, to wit, the expenses for medical services rendered and medicines furnished to him in his last illness by defendant Dr. Boddie, in the sum of $48, and the expenses incurred by Julius Wright in furnishing the burial outfit necessary to bury Willie Threatt; that Sarah Threatt is morally as well as legally responsible for the burial expenses of her brother, even if she had not voluntarily in writing made herself responsible for them; that she knew fully all about the writings, which she voluntarily signed, as they were read to her, and it was agreed by her to answer for the debts which respondents had against her deceased brother and his estate. They pray judgment against her for the amount of their claims.

On motion the answer and pleadings of Wright and Boddie were stricken, and the court entered a decree that Sarah Threatt recover the full amount of the policy, with interest. Boddie and Wright excepted.

*H. W. Nalley,* for plaintiffs in error.

*R. K. Hines, John R. L. Smith,* and *Grady C. Harris,* contra.

HILL, J. (After stating the foregoing facts.) Did the court err in sustaining the motion to strike, and in dismissing the joint answer of Boddie and Wright, and in entering the judgment to which exception is taken? It appears from the answer that Boddie held an account against the estate of Willie Threatt, for medical attention furnished during the lifetime of Threatt; and that Wright held an account against the estate of Threatt, for expenses incurred in connection with the burial of Threatt. It does not ap-

pear that these two accounts were incurred at the request of Sarah Threatt. The bills of particulars attached to the pleadings were made out against "Willie Threatt, Dr.;" but it was averred that at the time and before the powers of attorney were given to Boddie and Wright by Sarah Threatt, she gave to each of them a contract in writing in which she agreed to answer for the debt or debts of her deceased brother, Willie Threatt. These writings bear date ten days after the date of the itemized accounts of Boddie and Wright. It is insisted that the written contracts were bona fide and voluntarily entered into by Sarah Threatt to answer for the debts of her brother which Boddie and Wright held against him and his estate, and were binding on her. The one given to Boddie was in part as follows: "I hereby agree to pay to Dr. W. F. Boddie the sum of forty-eight ($48) dollars, the same being the amount due him by my deceased brother, Willie Threatt, late of Monroe County, Georgia, who died on the 17th day of April, 1915." It seems clear from the facts in this case that Sarah Threatt was not originally liable for these accounts of the codefendants. It is true she subsequently entered into a written promise to pay these claims, and gave powers of attorney authorizing the codefendants to collect certain sums due her by the insurance company and to have such sums applied to their claims; but the powers of attorney were subsequently revoked by her. A promise to answer for the debt, default, or miscarriage of another, in order to be binding, must be in writing (Civil Code, § 3222, par. 2), and be supported by a consideration; it is nudum pactum unless some benefit accrues to the debtor or to the promisor. Civil Code, § 4241; *Davis* v. *Tift,* 70 *Ga.* 53 (2), 56; *Russell* v. *Smith,* 97 *Ga.* 287 (23 S. E. 5); *Johnson* v. *Rycroft,* 4 *Ga. App.* 547 (2c), 549 (61 S. E. 1052); Beach on Modern Law of Contracts (1896), § 505; 9 Cyc. 319; 29 Am. & Eng. Enc. L. (2d ed.) 910. The only consideration stated in the written contracts in this case was "the love and affection" which the promisor, Sarah Threatt, had for her deceased brother. It is insisted that this is a sufficient consideration to support the contracts. We think otherwise. While love and affection as a consideration for a written contract to answer for the debt, default, or miscarriage of another may bind the conscience of the maker, it can not support an executory contract to answer for the debt, default, or miscarriage of another, unless some damage flows from

the breach, or the contract is supported by a legal consideration in addition to the moral. *Davis* v. *Morgan*, 117 *Ga.* 504 (43 S. E. 732, 61 L. R. A. 148, 97 Am. St. R. 171); *Loudermilk* v. *Loudermilk*, 93 *Ga.* 443 (21 S. E. 77). We think the court below was right in striking the answer of the codefendants, and in entering the judgment to which exception is taken.

*Judgment affirmed. All the Justices concur.*