### 14755.   LEE *v.* EXCHANGE NATIONAL BANK OF FITZGERALD.

BELL, J.  1. Where the maker of a promissory note asserts, in defense to
an action thereon, that he entrusted it to a third person to be deliv-
ered to the payee or plaintiff only upon the happening of a certain
event, such defense is not sustained unless the defendant shows, among
other things, that the event did not happen before the delivery of the

note. He should show not merely that the condition existed, but that it was violated. *Automobile Battery Co.* v. *Geraghty*, 30 *Ga. App.* 446 (7) (118 S. E. 412).

2. The defense that the note sued on was a nude pact was in violation of the parol-evidence rule, the defendant having solemnly asserted in effect in the writing that he was the owner of the shares of stock therein described for which the note was given. It being alleged in the plea that the note was given for certain stock in the corporation, and there being *no attack on the validity of the stock,* and the stipulation in the note precluding a denial that it was received by the maker of the note, allegations that the stock was worthless would not amount to an allegation that the note was nudum pactum. *Carter* v. *Haralson,* 146 *Ga.* 282 (1) (91 S. E. 88).

3. The consideration of the note was stock in the Citizens Bank of Ocilla, although the note was payable to the Exchange National Bank of Fitzgerald. "If there be a valid consideration for the promise it matters not from whom it is moved. The promisee may sustain his action though a stranger to the consideration." Civil Code (1910), § 4249.

4. Applying the above rulings to the facts of the case, the court did not err in directing a verdict in favor of the plaintiff, nor in thereafter overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided December 10, 1923.

Complaint; from Irwin superior court—Judge Eve. June 8, 1923.

Exchange National Bank of Fitzgerald sued J. M. Lee, as maker, upon a note containing the following stipulation: "And to secure the prompt payment of this note, or any other indebtedness due or to become due, the Exchange National Bank of Fitzgerald, Georgia, or the holder of this note, undersigned being possessed of the legal right and title to make said deposit, hereby pledges the following collateral and property, which the undersigned affirms to be unincumbered: Stock certificate No. 142 attached hereto, representing five shares capital stock of the Citizens Bank, Ocilla, Georgia, par value $100." The defendant pleaded: (1) that the note sued upon "was never delivered to the plaintiff by the defendant, nor did he authorize any person, firm or corporation to deliver said note to plaintiff, nor has he obtained any benefit or consideration whatsoever for said note," and (2) "that there is a total lack·or want of consideration for said note, in that said defendant has received nothing for said note and has obtained no benefit whatsoever from it." The note sued upon and the stock certificate transferred in blank in the name of "J. M. Lee" were introduced in evidence. The defendant testified: "When I signed

this note and delivered it to Mr. Henderson we had the distinct understanding that this note was not to be used until the entire issue of the stock of the Citizens Bank, which they were then seeking to sell, had been sold." "I would have notice of the meeting, and at that time I could come in and transfer the stock, and it would then be attached to the note and then forwarded to the Exchange National Bank, and they would give me credit for it in their bank, and I could draw a check against it. I saw that stock one time in Colonel A. J. McDonald's office. I did not authorize any person to deliver that note to the Exchange National Bank, and I got no benefit whatever from that note." With reference to the transfer in his name which appeared upon the stock certificate the defendant testified: "Looking at this signature, 'J. M. Lee,' I would say I do not remember signing that, and that is not my signature, I don't believe. As near as I can say is that I don't believe that is my signature. I have no recollection of ever seeing this certificate of stock." It appeared, from uncontradicted evidence, that the Mr. Henderson referred to in the defendant's testimony as the person to whom he delivered the note, and with whom he had all the transactions to which he testified, was an officer of the Citizens Bank of Ocilla, for whose stock the note was given, although the plaintiff was named therein as the payee. The plaintiff received the note from the Citizens Bank of Ocilla and credited that bank with the proceeds without knowledge of the defenses asserted. Neither the Citizens Bank of Ocilla nor Henderson was the agent of the plaintiff, the Exchange National Bank of Fitzgerald.

The stock for which the note was given appears to have been worthless, or practically so, at the time the suit was filed. Its value at the time of the execution of the note was not shown.

At the conclusion of the evidence a verdict was directed for the plaintiff. The defendant made a motion for a new trial, which was overruled, and he excepted.

*Rogers & Rogers,* for plaintiff in error.

*A. J. & J. C. McDonald,* contra.