228

*Maddox, Matthews & Owens,* for plaintiff.
*M. B. Eubanks,* for defendants.

## NATIONAL LAND AND COAL COMPANY *v.* ZUGAR.

RUSSELL, C. J. 1. The court did not err in permitting counsel for the defendant to cross-examine his own client after he had been called to the stand by counsel for the plaintiff, although plaintiff's counsel stated that he called him as a witness against himself in order to prove only one point necessary to making out a prima facie case. Though the rule in a large number of States is to the contrary, this court has held that the provisions of the Code entitling one to make a thorough and sifting examination of a witness on cross-examination applies in such cases; and in the present case it was not reversible error, for the further reason that the examination of witnesses is a matter largely within the discretion of the court, and it is not made to appear here that the plaintiff was injuriously affected by the procedure objected to at the time. *Aiken* v. *Cato,* 23 *Ga.* 154; *News Pub. Co.* v. *Butler,* 95 *Ga.* 559 (22 S. E. 282); *Cowart* v. *Strickland,* 149 *Ga.* 397 (100 S. E. 447, 7 A. L. R. 1110).

2. Taking the evidence most strongly in favor of the plaintiff, as we must do in passing on the question whether or not the court rightly awarded the nonsuit, we hold that the court erred in ruling as a matter of law that under no reasonable view of the evidence was the plaintiff entitled to recover.

(*a*) It was an issue of fact whether plaintiff and defendant claimed under a common grantor. *Jackson* v. *State,* 134 *Ga.* 473 (68 S. E. 71); *Bewley* v. *State,* 141 *Ga.* 1 (80 S. E. 314).

(*b*) Although a description of a portion of certain tracts set forth in the petition may be too vague and indefinite to entitle the plaintiff to recover, other portions were described and set forth which, by correct reference to the number, district, section, and county where the lot was located, might have been identified by the sheriff or purchaser. The court should have submitted to the jury the question of recovery of those portions appropriately described. *Leverett* v. *Bullard,* 121 *Ga.* 534 (49 S. E. 591); *Crawford* v. *Verner,* 122 *Ga.* 816 (50 S. E. 958); *Boyd* v. *Sanders,* 148 *Ga.* 839 (98 S. E. 490).

3. No estoppel was pleaded, and the defendant was not entitled to urge an estoppel upon the ground of statements made by any predecessor in

title. This defense, to be of avail, must be specially pleaded. *Tuells* v. *Torras*, 113 *Ga.* 691, at p. 698 (39 S. E. 455).

4. This court expresses no opinion upon the evidence, as the case must be tried again. *Judgment reversed. All the Justices concur.*

ATKINSON, J., concurs in the judgment.

No. 7297. SEPTEMBER 26, 1930.

*Rosser & Shaw* and *McClure, Hale & McClure,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.