*R. A. McGraw,* for plaintiff in error.  *N. F. Culpepper,* contra.

## 22181.  GIBSON *v.* KYLE *et al.*

JENKINS, P. J.  1. "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." Civil Code (1910), § 4242.  And the consideration for the execution of a promissory note by one as maker may flow to a person other than the maker.  Civil Code (1910), § 4249; *National City Bank of Rome* v. *Whittier,* 41 *Ga. App.* 221 (152 S. E. 305).

2. While the contracts of an infant, except for necessaries, are ordinarily not enforceable, "if an infant, by permission of his parent or guardian, or by permission of law, practices any profession or trade, or engages in any business as an adult, he shall be bound for all contracts connected with such profession, trade, or business."  Civil Code (1910), § 4235.

3. While it has been held that a promise by a father to assume an *unenforceable* obligation against his minor son is a nudum pactum and void (*Wilkins* v. *Barnes,* 11 *Ga. App.* 350, 75 S. E. 361), and while it has also been held that a promissory note can not be enforced where it is executed to pay an existing debt of another, and such assumption is supported by no legal consideration, that is, no benefit to the promisor or detriment to the promisee (*Wright* v. *Threatt,* 146 *Ga.* 778, 92 S. E. 640, L. R. A. 1918C, 541), still a note voluntarily given by a father in liquidation of a disputed, and perhaps valid, claim against his son, is not without consideration where the promisee relinquishes his bona fide claim against the son, and surrenders the evidence thereof.  *Lebron* v. *Stewart,* 26 *Ga. App.* 133 (105 S. E. 650) ; *Riley* v. *London Guarantee & Accident Co.,* 27 *Ga. App.* 686 (109 S. E. 676).

4. In the instant case, the defendant father having admitted the execution of the note sued on, the burden was upon him to establish his plea that it was without consideration.  Since it can not be said, as a matter of law, that the evidence produced by the defendant was such as to demand a finding that the debt of the son assumed by the father represented neither a legal obligation of the son nor a bona fide disputed claim of the plaintiffs against the son, the verdict in favor of the plaintiff was authorized, and the judge of the superior court did not err in overruling the certiorari.  *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED NOVEMBER 19, 1932.  REHEARING DENIED JANUARY 31, 1933.

296

*Gilbert C. Robinson, Roger D. Flynt,* for plaintiff in error.
*P. A. & K. E. Bray, L. L. Davis,* contra.