22462. GEORGIA POWER COMPANY *v.* CHAPMAN.

Decided February 11, 1933. Rehearing denied March 1, 1933.

*Lawrence S. Camp, William B. Jones, P. S. Arkwright Jr.,* for plaintiff.

*J. Wilson Parker, H. A. Allen, George P. Whitman,* for defendant.

JENKINS, P. J.  Georgia Power Company, a corporation chartered under the laws of Georgia, sought to condemn an easement for a right of way across certain lands in Campbell, now Fulton county, belonging to the defendant, J. M. Chapman, under the Civil Code (1910), § 5206 et seq., for the purpose of constructing, operating, and maintaining a transmission line or lines, and protecting the same and keeping the said right of way clear of trees and other incumbrances or obstructions, and for the uses necessary for such purposes; the amount of interest to be condemned being an easement for a right of way across the land, with the right to erect and maintain towers, frames, or poles, and stretch wires for transmission of electric energy from one tower to another across the land, and to enter upon such right of way to inspect, rebuild, renew, repair, and operate such fixtures and appliances; and a notice to this purpose was served upon the defendant.  Assessors were duly appointed, and they selected a third.  The assessors awarded the defendant the sum of $750; and from this award an appeal was taken to a jury in the superior court of Fulton county.  On the trial of the case in the superior court the jury found for Chapman the sum of $1750, and judgment was entered accordingly.  The power company made a motion for a new trial, upon general grounds and various special grounds, which was overruled, and the movant excepted.

█ The evidence authorized the verdict.

█ In the first special ground of the motion for new trial complaint is made that the trial court erred in charging the jury as

follows: "Evidence has been adduced before you by witnesses termed experts, and I instruct you, in this connection, that, while in cases such as the one now being tried the law receives the evidence of men expert in certain lines as to their opinions derived from their knowledge of particular matters, the ultimate weight which is to be given to the testimony of expert witnesses is a question to be determined by the jury. In other words, the testimony of an expert, like that of any other witness, is to be received by you and given such weight as you think it is properly entitled to; but you are not bound or concluded by the testimony of any witnesses, expert or otherwise." The grounds of complaint are, first, that this charge had the effect of authorizing the jury to exclude all oral testimony if they saw fit, expert or otherwise, and to make a verdict independently and to the exclusion of witnesses, either from their own knowledge or such other sources as they saw fit. We have compared the above-quoted language, as given in the motion for new trial, with that contained in the record of the court's charge itself. In the record of the charge the last clause in the above quotation appears as follows: "but you are not bound or concluded by the testimony of any witness [singular], expert or otherwise." The language disclosed by the record will prevail over that stated in the motion for a new trial. Correctly and reasonably interpreted, the charge complained of amounted to an instruction to the jury that they were not bound to accept the testimony of any particular witness, expert or otherwise; and did not amount to an instruction that they might *disregard* all the testimony of all the witnesses, expert or otherwise.

The second complaint against this excerpt from the charge is to the effect that it tends to discredit the testimony of an expert witness, thereby depriving movant of the benefit of his expert witness. We do not think it is subject to this complaint; it simply stated to the jury the legal basis for the introduction of any expert testimony at all; and then instructed the jury that it was for them to give such weight to the testimony of experts and unexperts alike as they might see fit. It did not, in our opinion, in any way discredit the testimony of the expert, nor did it deprive movant of the benefit of such expert testimony. See *Minchew* v. *Nahunta Lumber Co.,* 5 *Ga. App.* 154 (4) (62 S. E. 716); *Morris Storage & Transfer Co.* v. *Wilkes,* 1 *Ga. App.* 751, 752 (58 S. E. 232); *Baker* v. *Richmond*

*City Mill Works,* 105 *Ga.* 225 (31 S. E. 426) ; *Rouse* v. *State,* 135 *Ga.* 227 (69 S. E. 180)'; *Alabama Great Southern Ry. Co.* v. *Mc-Kenzie,* 139 *Ga.* 410 (3) (77 S. E. 647, 45 L. R. A. (N. S.) 18) ; *Hall* v. *General Accident &c. Cor.,* 16 *Ga. App.* 66 (2) (85 S. E. 600).

■ In the second special ground of the motion complaint is made that the court erred in charging the jury as follows : "Remote or speculative or possible damages are not to be allowed in considering the maintenance and operation of the lines or poles or wires by the company." Movant concedes that this excerpt is correct, "as far as it goes," but contends that it limits the exclusion of such remote or speculative or possible damages to the *maintenance and operation* of the line, whereas it should also exclude remote or speculative or possible damages alleged to arise from the acquisition of the right of way itself, as there was evidence of damage due to the presence of the high-tension line, and also of the taking of a strip of land like this independently of the line to be located thereon. It is contended that under this excerpt the jury were "authorized to believe that such damages (remote or speculative or possible) might be considered and allowed except in estimating consequential damages, if any, due to maintenance and operation." The attack here made is upon a particular excerpt from the charge. There is no independent exception to a failure to charge. It is conceded that the excerpt excepted to is correct as far as it goes, but that it did not go far enough. If it is not complete in that it *excludes* some other or additional proposition necessary to render the charge given legal, it is not correct in and of itself. If it is complete in and of itself as given, and sets forth a correct principle of law, then no attack upon it will justify setting the verdict and judgment aside merely because the court failed to charge some other similar or related proposition in the same excerpt excepted to. The language actually employed does not have the effect of *excluding* the proposition which movant contends should have been embodied. See *Central of Ga. Ry. Co.* v. *Hartley,* 25 *Ga. App.* 110 (10), 113 (103 S. E. 259). This being true, the exception is without merit. It was said by this court in *Adams* v. *State,* 34 *Ga. App.* 144, 145 (128 S. E. 924), that "it is well settled by repeated rulings of the Supreme Court and of this court that an excerpt from a charge, wherein a complete proposition is stated, is not erroneous merely because it fails

to embrace an instruction which would have been appropriate in connection with that proposition. To reach the failure so to charge, a direct and independent assignment of error, complaining of such failure, is necessary."

■ In special ground 3 complaint is made that the court erred in charging as follows: "You are not to assume, in cases like this, that they will be negligently constructed or operated so as to cause damages in excess of that which would naturally and proximately arise from the proper construction and operation." The ground of complaint is as follows: "Movant says that this charge amounts to charging the jury that damages would naturally and proximately arise from the proper construction and operation of the lines, and merely limits the jury or prohibits them from being remote or speculative in fixing said damages. Movant further contends that this charge would have the effect of conveying to the jury that the court was expressing an opinion that damages would naturally and proximately arise from the proper construction and operation of the lines involved." When read in connection with its context, we do not think this excerpt is subject to either of the criticisms made against it. This excerpt appears in immediate connection with the charge in reference to consequential damages, of which the judge was pronouncing the criterion of measurement; and in that connection the court said as follows: "Remote or speculative or possible damages are not to be allowed in considering the maintenance or operation of the lines or poles and wires by the company. You are to consider their maintenance in the usual and ordinary method of doing so. You are not to assume, in cases like this, that there will be any negligence in construction or operation so as to cause damage in excess of that which would naturally and proximately arise from its construction and operation." Thus it will be seen that the record of the excerpt,—that is, the last sentence of the quotation next above,—is a little different in verbiage from the quotation in movant's motion. The phrase at which the criticism seems to be aimed is "so as to cause damage in excess of that which would naturally and proximately arise from its construction and operation." We think the court undoubtedly had in mind and instructed to the effect that "You are to consider their maintenance and operation in the usual and ordinary method of doing so,—that is, free from negligence; and you are not allowed, in order to increase the consequen-

tial damages which you might have in mind, to assume that they will be negligently maintained and operated." Furthermore, the court was but giving voice to the rule announced in the fourth division of the syllabus in the case of *Central Georgia Power Co.* v. *Mays,* 137 *Ga.* 120 (72 S. E. 900), which reads as follows: "It can not be assumed in condemnation proceedings that there will be negligent construction or operation so as to cause damages in excess of that which would naturally and proximately result from the construction and operation of a transmission line across the property sought to be condemned." Furthermore, no consequential damages of any kind were found by the jury; so we do not see how this excerpt was incorrect or harmful.

■ In the fourth ground complaint is made that the court erred in using the word "taken" throughout the entire charge, in referring to the plaintiff's acquirement of the easement for right of way on said "line" (land). We do not think that the use of the word "taken" could, in view of other portions of the charge in general, be understood by a jury as a suggestion by the court that movant's acquisition of the right of way by ordinary condemnation was in any way "wrongful;" so as to justify any increase in either of the two elements of compensation or damage.

■ In the fifth ground complaint is made that the court erred in excluding from evidence pictures of property on which houses had been constructed directly under high tension lines on the Jonesboro road. It appears that these pictures were of land other than that which was being condemned; and for that reason we think that the court did not err in excluding them.

■ In the sixth ground complaint is made that the court erred in charging the jury as follows: "The issues submitted to you for your consideration and determination is the value of the property taken by the power company, and also to find the consequential damages, if you find there are such consequential damages . . to the property not taken; and the defendant is entitled to recover the just and adequate compensation for the land taken or used." The objection to this is that it laid down three elements of damages to be considered by the jury; value of the property, consequential damages, and just and adequate compensation. We do not think this excerpt is subject to this objection; there was no multiplying of elements of damage; it simply said the jury would find the value

of the property taken, also find consequential damages, if any; and allow just and adequate compensation for the land taken or used, according to the value it might find of the land taken. There was rather a duplication of elements than a multiplication.

■ ■ In the seventh ground complaint is made that the court erred in charging the jury as follows: "As I have stated, the measure of damages is the value of the land actually taken and the extent to which the value of the use of the right of way by Mr. Chapman is diminished by the use given to the Power Company. The power company must pay for the land taken and damages sustained by Mr. Chapman by the construction and maintenance of the power line. The damages thus sustained is not the value of the land under the wires and between the poles, but the extent to which the value of the use of that particular part of Mr. Chapman's property between the poles and under the wires is diminished by its use by the power company. The space between the poles is not occupied exclusively by the Power Company. Mr. Chapman has the right to use this space between the poles for any lawful use, subject to the limitations and burden imposed thereon by the necessary purpose of the power company as designated in its notice of condemnation." The ground of criticism is that this charge authorized the jury to add to the value of the land used by the right of way damages sustained by Mr. Chapman, if any, for the use of that particular part of Mr. Chapman's property between the poles and under the wires, when in fact this item should be considered in determining the question of consequential damages; that the court charged elsewhere on consequential damages, and that in consequence thereof this particular charge was erroneous as given, and when considered in the light of the entire charge.

The eighth ground is similar, and complains of the charge as a whole; the ground being that the charge as a whole is confusing and misleading in that it is not made plain to the jury what is the "extent of their consideration" in making a verdict. It is contended that the only two elements of damages in the case are (1) the value of the land actually used, and (2) consequential damage to condemnee's property which was not used; whereas it is contended that the charge was much broader than this and was such as to justify the jury in awarding to Chapman (1) the market value of the land actually used; (2) damage sustained by Chapman from decrease in

value of the property within the poles and under the wires on the right of way; and (3) consequential damages. We do not think that the charge is subject to the criticism made in the grounds 7 and 8 of the motion for a new trial. The reasonable interpretation of the charge, as we understand it, is that the condemnor was subject to damages for the market value of the land actually taken, in the right of way, and to consequential damages to the remainder of the premises generally. As we interpret the language of the charge excepted to, it is really favorable to the condemnor, in that the court sought to explain to the jury that the condemnor was not seeking to actually take and exclusively occupy all the land in the right of way. What he sought to impress was that the portion of the right of way which the condemnor actually and exclusively used by its poles and towers was to be paid for at a higher rate than the remaining portion of the right of way which the condemnee could continue to use jointly with the condemnor, but subject to the burden and limitations of the easement itself.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*