31156.  ATLANTIC COAST LINE R. CO. *v.* CARPENTER.

DECIDED MAY 20, 1946.

*R. D. Smith, Bennet & Harrell,* for plaintiff in error.
*C. A. Christian,* contra.

MACINTYRE, J. ■ The rulings announced in headnotes 2, 3, and 4 do not require elaboration.

■ As to special ground 1, the petition alleges: "7. Your petitioner alleges that the said road upon which her said son was so driving before same intersected with the Baker Road was for a distance of some 600 feet west of the intersection with said Baker Road perfectly straight and within 40 feet of the road-bed of the said defendant company and in full view of the agents, servants, and employees of the defendant company's train, which was approaching him from his rear and traveling east, and that said road upon which her said son was driving while intersecting with the public road known as the Baker Road did not cross said public road, but intersected with the same at right angles, and that the said truck so being driven by petitioner's son was in full view of the em-

ployees, agents, and servants of the defendant company operating its said train, which was approaching from the rear of the truck that was being so driven by petitioner's son. . . 11. Petitioner further alleges that, although the truck being driven by her son was in full open view of the servants and employees of defendant company before it reached the Baker Road and after the turn in toward the road crossing of defendant company, . . the said servants, agents, and employees so operating said train failed to blow any whistle at the blow post approaching said crossing and failed to blow any signal or warning of any kind of the approach of said train to the said crossing; no whistle having been blown nor the tolling of its bell, said train approaching ran onto and over said crossing without the slightest warning of its approach thereto." Thereafter the plaintiff, in specifying the alleged acts of negligence in paragraph 14, states in subparagraph (d) thereof that, "the engineer in charge of said company's train was in full view of the truck operated by her said son after same turned to the left at the intersection of the Baker Road while same was being driven a distance of 65 feet at the speed of from 4 to 6 miles per hour, failed to sound any warning or distress signal by which the son of your petitioner could be notified of the approach of said train and bring the truck to a stop before reaching said railroad crossing;" and the plaintiff contends that this shows that "the deceased was not in the exercise of ordinary care for his own safety." There was no demurrer to the petition, either general or special; and considering the context of the petition, the inaccurate expression, "the engineer in charge of said company's train was in full view of the truck operated by her said son after same turned to the left," could not mean what is literally stated, "that the engineer was in full view of the truck," and hence the truck saw or could have seen the approach of the train. It necessarily had to mean either that the train was in full view of the deceased who was riding in the truck, or that the engineer was in a place where he had a full view of the truck; and when the petition as a whole and all of its related parts are considered, it seems to us that the only reasonable construction is the latter one, that the engineer was in a place where he had a full view of the truck, and that it was so understood by the jury. In this view of the petition, it does not affirmatively allege that the deceased was not in the exercise of ordinary care for his own safety;

and upon a review of the evidence, it does not demand such a finding. This ground, therefore, does not disclose reversible error.

*Judgment affirmed.    Broyles, C. J., and Gardner, J., concur.*