37119, 37130.   HIX *v.* HEADRICK, Administrator; and
*vice versa.*

DECIDED APRIL 23, 1958.

*Bobby Lee Cook,* for plaintiff in error.
*C. T. Culbert, E. B. Self, Maddox & Maddox,* contra.
CARLISLE, Judge.   ■   The first special ground of the motion
for new trial assigns error because the court refused to grant a
mistrial on motion of the defendant because of an answer made

by a witness for the plaintiff on direct examination to a question propounded to him, and the second special ground assigns error on the refusal of the court after overruling the motion for a mistrial to exclude the answer. It appears from the record in this case that there was no dispute in the evidence that the defendant's truck ran off the paved portion of the highway and struck and killed the deceased while she was walking along the shoulder of the highway, and that the truck continued up the highway some 200 yards and turned off the highway onto a dirt road and traveled approximately one-half mile on that dirt road where it was then driven into a ditch. The defendant contended that it was not he who was driving the truck, but that the truck had been taken without his permission by a young boy and that he (the defendant) was in an automobile driven by another party searching for his truck along the highway where the deceased was struck; that they had just met his truck traveling in the opposite direction from that in which they were traveling just prior to its striking the deceased; that the car in which he was riding was turned around and followed the truck to the point where it was run in the ditch; that his friends let him out and that he was in the process of trying to get his truck out of the ditch or get some assistance for that purpose when another party came along, and that he got into his car, and they met the State troopers who took him into custody. He contended that the actual driver of the vehicle after driving it into the ditch ran off into the woods and that he came upon the truck within just a few minutes after it was run in the ditch and a few minutes thereafter the officers arrested him. The witness whose testimony was objected to and on account of whose testimony the motion for a mistrial was made and overruled, as complained of in special ground 1, and which the court refused to exclude as complained of in special ground 2, was Sgt. Barnes, one of the State Troopers who made the arrest. Barnes testified that he and his partner found the defendant in the automobile of one Hancock who stopped him and informed him that he had in his car the man who was driving the pickup truck that hit the lady. The witness testified that he told Hancock that that was who they were looking for and that they got the defendant out of

Hancock's car, put him in the patrol car and drove back to the pickup truck which was in the ditch. Counsel for the plaintiff elicited the following testimony: "Q. Did he deny he was the man driving that killed her? A. At that time he did not. Q. What did he say with reference to hitting the woman? A. Well, he bragged about his insurance would take care of any damage he had done."

At this point, counsel for the defendant requested that the jury be excused, and he made a motion for a mistrial which was denied, and he subsequently made a motion that that evidence be excluded and that motion was also denied.

As we have shown, the only issue made by the evidence in this case was whether the driver of the vehicle involved was the defendant or some other person. No witness testified directly that they saw the defendant driving the truck at the time it struck Miss Headrick, but at least one witness testified positively that she saw the defendant driving the truck and in the driver's seat of the truck at the time it ran in the ditch, which was just a few minutes after it had struck the deceased. In view of the contentions made by the defendant, the evidence as complained of in these grounds was admissible as an admission against interest made by the defendant, and the mere fact that insurance was mentioned as an integral part of the admission, did not render it inadmissible. So far as the facts of this case are concerned, they are squarely "on all fours" with the facts in *Wade* v. *Drinkard*, 76 *Ga. App.* 159, supra, where the exclusion of similar evidence was held to have been error. This evidence being admissible, it was not error for the trial court to refuse to grant a mistrial and thereafter to refuse to exclude it from the jury.

■ Special ground 3 complains of a portion of the charge given to the jury after they had retired and had been recalled for further instructions on the ground that the charge was confusing and misleading in that it presupposed liability on the part of the defendant and amounted to an expression of opinion by the court that the plaintiff should recover. The portion of the charge thus complained of was as follows: "One further principle of law I would like to give to you in charge in connection

with the full value of the life of a deceased is this—when you ascertain what was the gross amount of the value of Annie Headrick's life, it would be your duty to reduce that amount to its present cash value, figured at a rate of seven percent per year, the present worth of a given sum is arrived at by dividing a given sum by $1.00 plus the legal rate of interest, which is seven per cent for the given time. That completes the remaining charge." In the brief of the counsel for the plaintiff in error, it is conceded that this charge states a correct abstract principle of law, but it seems to be his contention that because of the manner of the charge, it was not made clear to the jury that they were to consider all of the other factors of the case in reaching their conclusion and in rendering their verdict.

This charge was not subject to the criticism made. The court is not required, and indeed it would be impossible for the court, to repeat in immediate connection with each proposition of law given to the jury in charge all of the factors that the jury is required to consider in rendering a verdict. *Liberty National Life Ins. Co.* v. *Stinson*, 61 *Ga. App.* 344 (4) (6 S. E. 2d 199); *Wade* v. *Hopper*, 89 *Ga. App.* 87, 93 (78 S. E. 2d 809). Neither is a correct charge rendered erroneous by the failure to charge, either in immediate connection therewith, or elsewhere in the charge, another pertinent and correct principle of law. *Belvin* v. *Beard*, 77 *Ga. App.* 681, 685 (49 S. E. 2d 546); *Burton & Class* v. *Connell*, 84 *Ga. App.* 106, 109 (65 S. E. 2d 620). The complaint in this ground of the motion for new trial is not that the charge quoted is erroneous and not a correct abstract legal principle, but upon the failure of the court to charge in immediate connection therewith some other principle of law. The trial court fully instructed the jury with respect to the legal principles involved in this case, and in the absence of a timely written request to charge, this charge was not erroneous for any reason assigned in this ground of the motion.

■ The fourth special ground complains of a portion of the charge on dependency lifted from its context, the complaint being that it fails to instruct the jury that both dependency on the part of the plaintiff and contribution to support on the part of the deceased are necessary to be shown before a recovery can

be had. This case arose prior to the Act of 1952 (Ga. L. 1952, p. 54), which struck from the provisions of the law the requirement of dependency and contribution (Code § 105-1307), and it was essential that these propositions be charged. However, when the other instructions given by the court in immediate connection with the portion of the charge complained of in this ground are read, it is plain that the jury were not misled with respect to their duty to find both dependency and contribution. The court charged the provisions of Code § 105-1307 as it stood in 1951 and further instructed the jury that it was not necessary that they find that the plaintiff was wholly dependent on the deceased or that the deceased contributed the full support to the plaintiff, but that if the evidence showed partial dependence *and* partial contribution, that was sufficient to authorize a recovery provided the case was otherwise made out. This charge was not erroneous for any of the reasons assigned.

■ The plaintiff in error contends that the verdict in favor of the plaintiff is based wholly on circumstantial evidence insofar as proof of the identity of the driver of the truck at the time it struck Miss Headrick is concerned, and that this circumstantial evidence was insufficient to exclude every other reasonable hypothesis than that the defendant was the driver, and that, therefore, a verdict for the plaintiff was not authorized. As shown by the evidence referred to in the first division of this opinion, there was direct evidence that the defendant was driving the truck at the time it went into the ditch less than a mile from the scene of the tragedy. There was evidence, also, that the defendant stated to the witnesses that he had just hit a woman and that he failed to deny for a considerable length of time that he was driving the truck, although accused of having done so by the officers. Other witnesses testified as to the appearance of the person seen driving the truck at the time and place it struck the deceased. While it is true that there were conflicts in almost every phase of the evidence with respect to the identity of the driver, these conflicts were within the province of the jury to resolve, and the question of the credibility of the witnesses was expressly for the jury's consideration. The jury

having found for the plaintiff, and no error of law appearing, this court cannot say that the verdict was not authorized.

*Judgment on the main bill affirmed. Cross-bill dismissed. Gardner, P. J., and Townsend, J., concur.*