38001.   MAULDING *v.* ATLANTA TRANSIT SYSTEM, INC.

DECIDED JANUARY 12, 1960.

Bullock, Yancey & Mitchell, Kyle Yancey, Harris Bullock, for plaintiff in error.

Hugh M. Dorsey, Jr., Jule W. Felton, Jr., contra.

NICHOLS, Judge. ■ The general grounds of the amended motion for a new trial have not been argued and are consequently abandoned. Special ground 4 complains that the court erred in giving the following charge to the jury: "I charge you, Gentlemen, that even if you find that the defendant was guilty of some negligence, but you also find that the plaintiff, Joseph Don Maulding, was guilty of negligence and that said plaintiff's negligence was equal to or greater than the negligence of the defendant, then I charge you that the plaintiff, Joseph Don Maulding, cannot recover and your verdict would be for the defendant in the case brought by him." It is contended that this charge is incomplete and unsound because the court failed to instruct the jury immediately thereafter or elsewhere upon certain principles of comparative negligence. The courts of this State have on many occasions stated the rule that "if the defendant was negligent and the plaintiff also was negligent, and the negligence of the plaintiff was equal to or greater than that of the defendant, the plaintiff would not be entitled to recover." *Benton Rapid Exp.* v. *Sammons,* 63 *Ga. App.* 23, 32 (10 S. E. 2d 290) and cases cited; *Head* v. *Georgia Power Co.,* 70 *Ga. App.* 32, 34 (27 S. E. 2d 339); *Baggett* v. *Jackson,* 79 *Ga. App.* 460,

466 (54 S. E. 2d 146); *McDowall Transport* v. *Gault*, 80 *Ga. App.* 445, 447 (56 S. E. 2d 161). The charge complained of substantially embodies the principles of this well recognized rule and, as far as it goes, contains a correct statement of law. *Georgia & Florida Ry.* v. *Newton*, 140 *Ga.* 463 (1) (79 S. E. 142). This being true, it is not rendered erroneous by the failure of the court to charge in immediate connection therewith other pertinent and correct principles of law. *Hix* v. *Headrick*, 97 *Ga. App.* 540 (2) (103 S. E. 2d 516). "Where an extract from the charge of the court states a complete proposition and is correct in itself, it is not subject to exception merely because of failure to add something else to it. The exception should be to the omission and not to the instruction given." *Georgia Power Co.* v. *Chapman*, 46 *Ga. App.* 582 (3) (168 S. E. 131). For these reasons, special ground 4 is without merit.

◼ Special ground 5 complains that the same instruction is incomplete for failure of the court to charge further that the negligence of the plaintiff which would bar recovery must have proximately caused or contributed to the injuries sustained. It is apparent that the additional instruction which the plaintiff contends should have been given to the jury is not legally sound since it applies the principle of proximate cause to the plaintiff's negligence without also making the same application to any negligence of the defendant. Without regard to this infirmity, however, the charge excepted to stated a correct principle of law. *Georgia & Florida Ry.* v. *Newton*, 140 *Ga.* 463, supra. Therefore, even if the additional instruction for which plaintiff contends did contain a legally correct proposition, the charge excepted to would not be rendered erroneous by failure to state other pertinent and correct principles of law in connection therewith. See cases cited in the preceding division. Accordingly, there is no merit in special ground 5.

◼ Special ground 6 assigns error on the overruling of plaintiff's objection to the following question which the defendant's counsel asked the plaintiff's wife on cross-examination: "Mrs. Maulding, would you say that the area in which this accident happened was a residential district out there?" It is contended that the legal meaning of the word "accident" excludes fault

and when the court allowed defendant's counsel to use this term in reference to the collision, it could be taken by the jury to mean that the court thought there was no negligence on the part of the defendant. A ruling of this nature is a matter within the discretion of the trial court. Where, as in this case, the defendant neither pleaded nor presented evidence as to "accident" and no charge was given on "accident," it cannot be said that this discretion has been abused. There is no showing of actual prejudice to the plantiff's case and it is extremely doubtful that the word "accident" has in the minds of laymen the precise legal definition attributed to it by plaintiff's counsel. As this court observed in *Bush* v. *Skelton,* 91 *Ga. App.* 83 (1a) (84 S. E. 2d 835): "The word 'accident' as applied to personal-injury cases often has a lay meaning as referring to any unintentional act, whereas it has a legal meaning as referring to an injury which occurs without being caused by the negligence of either the plaintiff or the defendant." Therefore special ground 6 is without merit.

■ Special ground 7 complains of the following charge: "Now, Gentlemen, with respect to each of these cases, the effect of the defendant filing its answer to each plaintiff's position is to put the burden to proof upon the plaintiff to prove by a preponderance of the evidence that all material allegations made in their petitions, and in the husband's case, the amendments thereto, are true, except such allegations as are admitted, and those admitted are taken to be true without the necessity of proof. Now, if there are any allegations neither admitted nor denied, such allegations must likewise be proven. Now the allegations made in the plaintiff husband's amendments will be considered denied by the defendant, although the defendant does not file an answer thereto, and the plaintiff must prove those to you by a preponderance of the evidence." There is no assignment of error as to its substantive content, but it is argued that this charge is incomplete since the court failed in addition to inform the jury of the effect of certain pre-trial stipulations. The charge excepted to states a correct principle of law and this ground is without merit. *Hix* v. *Headrick,* 97 *Ga. App.* 540, supra; *Georgia Power Co.* v. *Chapman,* 46 *Ga. App.* 582, supra.

■ Special ground 8 assigns error on the following charge: "The only negligence, if there was such negligence, that would be considered by you would be such negligence as the court read to you and which you may believe from the evidence to have been the proximate cause of the injury to the plaintiff, provided you believe such plaintiff was injured." The plaintiff contends that there was uncontradicted evidence that he was injured to some extent and the court's use of a proviso in its instructions on this subject tended to cast doubt on the veracity of the plaintiff and his witnesses. While a trial judge, in his charge to the jury, may state that a certain fact which is wholly undisputed has been proved, the better practice is to allow the jury to determine the question whether any issuable fact proved by either party is uncontradicted or undisputed. *Limbert v. Bishop*, 96 *Ga. App.* 652, 655 (101 S. E. 2d 148) and cases cited. Accordingly, the trial judge did not err in submitting the issuable fact of whether the plaintiff was injured to the jury, and this ground is without merit.

Special ground 9 assigns error on the following charge: "Gentlemen, I charge you that if you find that the defendant by and through its operator was not negligent and did not violate the dictates of ordinary care at the time and place alleged in the petition, then I charge you that the defendant's operator would be under no duty to anticipate that anyone else might violate the law. Therefore, if you find, Gentlemen, that the plaintiff, Joseph Don Maulding, violated the law of Georgia Code § 68-1052 (a) or Code § 68-1702 and that the defendant's operator was not negligent, then I charge you that the defendant's operator was under no duty to anticipate that the plaintiff Joseph Don Maulding would violate said laws, or either of them." Special ground 10 complains that the court, having read to the jury Code § 68-1652 (a) erred in giving the following instructions: "I charge you that if you find from the evidence that the plaintiff, Joseph Don Maulding, violated the provisions of the section I have read to you, you will find that said plaintiff, Joseph Don Maulding, is guilty of negligence per se; that is, negligence as a matter of law; and in the same connection I charge you that if you find from the evidence that the plaintiff, Joseph

Don Maulding, violated this statute and further find from the evidence that this violation by the plaintiff, Joseph Don Maulding, constituted the sole proximate cause of the damage, if any, to the plaintiffs, then I instruct you that you will return a verdict for the defendant in both cases." It is contended that these excerpts from the charge are incomplete because the court failed to instruct the jury that this portion of law was applicable to the defendant as well as to the plaintiff and nowhere indicated that the defendant would also be guilty of negligence per se if its driver violated Code (Ann.) § 68-1652(a). The instructions excepted to are correct and the failure to inform the jury that the same acts would be negligent if committed by the opposite party does not render them erroneous. *Tifton Brick & Block Co.* v. *Meadow,* 92 *Ga. App.* 328, 333 (88 S. E. 2d 569); *Hix* v. *Headrick,* 97 *Ga. App.* 540, supra; *Georgia Power Co.* v. *Chapman,* 46 *Ga. App.* 582, supra.

The court did not err in denying the plaintiff's amended motion for a new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*