41645.   POTTS v. LEVIN.

SUBMITTED NOVEMBER 1, 1965—DECIDED JANUARY 19, 1966.

*Lee Evans,* for appellant.

*Robert Carpenter, A. Tate Conyers,* for appellee.

DEEN, Judge. ■ The court erred in charging the jury as follows: "If you find the *issues* in the case in favor of defendant, Mrs. Imogene H. Potts, it will be your duty to render a verdict in her favor." The defendant relied on three different defenses: (1) that the title to the notes sued on was not in the plaintiff, (2) estoppel, and (3) that there was no consideration for the notes. In his charge the court related "defenses" to "issues" and treated them as synonymous terms. The defendant was entitled to prevail if she established any one of her three defenses. There was no evidence authorizing a verdict for the defendant on defenses 1 and 2 but there was on number 3. The court's charge placed a greater burden on the defendant than the law requires by requiring her to establish all three defenses before she would be entitled to a verdict when she would have been entitled to a verdict if she had established only the defense that there was no consideration for the notes.

■ It was not error to instruct the jury that the burden was on the defendant to prove her defense to their satisfaction by a legal preponderance of the evidence. *Powell v. Georgia, Fla. &c. R. Co.,* 121 Ga. 803 (49 SE 759); *Martin & Sons v. Bank of Leesburg,* 137 Ga. 285 (1) (73 SE 387); *Atlantic C. L. R. Co. v. Carpenter,* 73 Ga. App. 849 (38 SE2d 309).

■ The contention that the instruction by the court that "the notes have not been endorsed and, therefore, absolute title to them has not passed to anybody" was error because further instructions should have been given concerning the letter of August 15, 1963, from Mayer to Potts is not well taken. *Hix v. Headrick,* 97 Ga. App. 540 (2) (103 SE2d 516).

■ Generally estoppel, to be relied on, must be pleaded, and a judgment based on estoppel not specially pleaded may not be rendered even though evidence admitted without objection shows the estoppel to exist. *DeVore v. Baxter,* 155 Ga. 109 (116 SE 610); *National Land &c. Co. v. Zugar,* 171 Ga. 228 (155 SE 7). Rule 17 (c) (3) (a) of this court provides: "Each enumer-

ated error shall be supported in the brief by specific reference to the record or transcript or both." Enumerated errors 6 and 7 refer to alleged inaccuracies of the court in giving the defendant the benefit of the defense of estoppel, but neither it nor the brief points out any pleading of the defendant referring to such a defense and we have been unable to find it in the record. Accordingly, these contentions are without merit.

■ The court properly instructed the jury: "If there be a valid consideration for the promise, it matters not from whom it moves; the promisee may sustain his action though a stranger to the consideration." *Code* § 20-306. The trial of this case is more impressive because of what was not said as to certain crucial issues than as to the testimony given; nevertheless, the burden was on the defendant to rebut the presumption of consideration recited in the notes, and it can not be said that she did this by uncontradicted evidence, or that there was no evidence from which an inference may be gleaned that the promise to pay which Mrs. Potts made to Levin was not in fact the consideration for the stock she received. Levin testified that C. B., Inc. was originally a corporation owned by Lee Myers, Herman Mayer, and R. L. Doyal; that the corporation owned property on which was situated a liquor store, the rent being adjusted to the profits of the liquor business; that this property was condemned by the State Highway Department; that Wood Realty Company then worked out a lease of property at a new location of which C. B., Inc. was lessee about April, 1961, and the store opened in October, 1961; that about March, 1962, C. B., Inc. transferred the lease to Herman Mayer, R. L. Doyal, and Mrs. Potts, after Mrs. Potts had executed the notes to him, the notes being signed October, 1961; that the notes represented her purchase into the business and "she bought the thing prior to getting into the deal"; that the stock certificate representing a ⅓ interest in the corporation had been made out to plaintiff's brother, Herman Mayer and by him endorsed in blank, making it bearer paper; that the arrangement was for Mrs. Potts to pay ⅓ of the cost of building improvements on the new lot and that she received a 2/9 interest in the lease; that he procured for Douglas Wood a ⅓ interest owned by the Myers Company, made a

deal with Lee Myers to give up his ⅓ interest, for which he gave Myers certain things he had going with him in real estate, and received Mrs. Potts' promise to pay $10,000; that he had originally acquired the interest from Myers for Douglas Wood, but Wood brought Mrs. Potts into it. Mrs. Potts testified that she did in fact get an interest in the store; that it was supposed to have been a ⅓ interest in the store but it turned out that she received a 2/9 interest; that she put up nothing for this interest, received 2/9 of the profits amounting to some $15,000 and eventually sold the interest for $25,000. She further testified: "A. Yes, I signed the notes, yes. Q. For some interest in that liquor store? A. For a ⅓ interest, I thought."

Why the stock which Levin claimed represented the ⅓ interest of Myers was in fact made out to plaintiff's brother, Mayer, was never explained, but it was bearer stock, and it was delivered by Levin either to Mrs. Potts directly or to Douglas Wood and by Wood to Mrs. Potts. Neither was it explained what concessions Levin made to Myers in return for the stock, nor why Wood did not remain in the deal, except that he decided he "should not keep the certificate of stock because of my position," nor why he transferred it to Mrs. Potts except that "we have done some business together," nor why it was he who arranged for Potts and Levin to meet with him at the time Mrs. Potts executed the notes to Levin except that he "told her it was a good deal," nor why Levin made all the arrangements at both ends except that he was "putting the thing together." The defendant never contended that anyone except Levin claimed to be the owner of the stock or that she owed any other person for it. Since it was bearer stock and delivered to her, it was her property. Since after this transaction the corporation was dissolved, a partnership formed and the business conducted by Potts, Mayer and Doyal, and thereafter this partnership was dissolved in September, 1963, (a part of the agreement reciting that "Herman Mayer agrees that he will hold Mrs. I. H. Potts free from all liability on a series of notes executed in 1961, totalling $10,000, and payable on demand to Leonard Levin") it would appear that all parties concerned knew the details of the transaction, whatever the true state of affairs was. Where it

appears that a defendant has received shares of stock in a corporation made out to X and transferred in blank, and the consideration for such transfer is a note made payable to Y, Y may sustain the action under *Code* § 20-306 although a stranger to the consideration. *Lee v. Exchange Nat. Bank of Fitzgerald,* 31 Ga. App. 470 (3) (120 SE 694). It was not error to give this section in charge, nor did the evidence demand a finding that there was no consideration flowing to the defendant for the notes.

*Judgment reversed. Hall, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I concur in the judgment and in all of the rulings of the majority except the ruling in Division 5. I think the court erred in giving the charge excepted to and the judgment should be reversed for this additional reason. The court erred in charging *Code* § 20-306 which reads: "If there be a valid consideration for the promise, it matters not from whom it moves; the promisee may sustain his action though a stranger to the consideration." This Code section does not fit the issues or facts in this case. There is no evidence that Mrs. Potts received any direct benefit from anything the plaintiff did. What he did was for the benefit of a corporation in which Mrs. Potts held a one-third interest in stock, which corporation was later converted into a partnership of which Mrs. Potts was a member. The plaintiff testified that the notes were given by Mrs. Potts for Lee Myers' interest. The only reasonable construction of this testimony is that Lee Myers owned an interest for which he was under obligation to pay the plaintiff. There is no evidence that Myers consented to the substitution of Mrs. Potts for him or that the plaintiff released Lee Myers from the obligation. There was therefore no benefit which flowed to Mrs. Potts for the signing of the notes nor was there a detriment to the plaintiff from a release of Myers, or otherwise. *Gibson v. Kyle,* 46 Ga. App. 295 (167 SE 547); *Wright v. Threatt,* 146 Ga. 778 (3) (92 SE 640), and cases cited.